HENRY B. KEPLEY

v.

JULIA FOUKE.

*Opinion filed October 19, 1900.*

1. TAX DEEDS—*tax deed alone is not evidence of title.* One desiring to avail himself of the effect of a tax deed as evidence of title, and not color of title, merely, should introduce in evidence the notice on which such deed was founded.

2. SAME—*clerk's certificate should be made on day advertised for sale.* Under section 194 of the Revenue act, as amended in 1879, the county clerk's certificate to the delinquent tax list should be made on the day advertised for sale, and if made on the day that the judgment was rendered the sale is void for want of proper process.

WRIT OF ERROR to the Circuit Court of Effingham county; the Hon. TRUMAN E. AMES, Judge, presiding.

HENRY B. KEPLEY, for plaintiff in error.

G. T. TURNER, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Defendant in error brought suit in ejectment to recover the south-east quarter of the north-west quarter of section 15, township 7, north, range 5, east of the third principal meridian, in Effingham county, Illinois, and recovered judgment, to reverse which this writ of error is prosecuted.

It was stipulated on the hearing that title to the premises was in plaintiff, and the effect of a certain tax deed issued to the defendant June 23, 1897, together with the record of sale for taxes and proceedings thereunder, and under which defendant claims title, is the sole question for determination in this court.

The tax deed was introduced in evidence, but plaintiff in error did not introduce the notice on which said deed was based. The deed alone was not sufficient on which

to base title.  It is only color of title in itself, together with *prima facie* proof of certain facts enumerated by statute.  The tax deed is a creature of statute, and must be given that meaning and intendment only which the statute directs.  The deed is made *prima facie* evidence of the facts enumerated in the statute, and this court cannot extend it further.  Had plaintiff in error desired to avail himself of the effect of the deed as an evidence of title, and not color of title, merely, he should have introduced the notice on which it was founded.  In *Gilbreath* v. *Dilday*, 152 Ill. 207, it is said (p. 212): "Appellant's claim of title is under a tax deed.  The record shows a sale of this land for taxes and the assignment of the certificate to the appellant.  No judgment or precept appears in the evidence, nor is there evidence of the publication of notice, further than the recital in the affidavit of appellant that 'this deponent caused a proper notice to be published,' etc.  Whilst a tax deed is, under the statute, (chap. 120, sec. 224,) *prima facie* evidence of certain facts, the sufficiency of the form and manner of publication and the proof of publication are not of those facts."

The tax deed was insufficient for another reason.  The record introduced in evidence shows that judgment was entered for delinquent taxes against the land in question on May 6, 1895.  The sale thereon was had June 1, 1895.  The certificate of the county clerk required to be made by section 194 of chapter 120 of our statutes was made May 6,—the day judgment was rendered,—whereas that section requires the certificate to be made on the day advertised for sale, on which day it is made the duty of the clerk to "carefully examine said list upon which judgment has been rendered, and see that all payments have been properly noted thereon," and then requires him to thereupon make a certificate of record, prescribing the form thereof.  We have held that if this certificate is not made the sale is void for want of process.  See

*Glos* v. *Randolph*, 138 Ill. 268, *Ames* v. *Sankey*, 128 id. 523, *Ogden* v. *Bemis*, 125 id. 105, and *Eagan* v. *Connelly*, 107 id. 458, and cases there cited, where this court held that no subsequent amendment could relate back so as to cure that defect in the record to validate any sale made without this certificate or precept. A certificate made on the sixth day of May might or might not recite facts existing on the first day of June following, but we cannot indulge any presumption that it did.

From the above it appears that the plaintiff in error took nothing under his tax deed, and it is unnecessary to discuss other reasons assigned for holding his deed inoperative.

The judgment of the circuit court of Effingham county is affirmed.

*Judgment affirmed.*