### SAVERY v. TOPPING et al.

No. 21174. Opinion Filed July 19, 1932.

Leo G. Mann, for plaintiff in error.

Robinson & Oden, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Greer county in rendering a judgment on the 2nd of July, 1929, quieting title in J. Luther Taylor to four lots of land in a suit brought by the plaintiff in error in that court. A motion for new trial was filed, and on the 16th of September, 1929, that motion was overruled, followed by the filing of the case-made here on March 15, 1930.

There are several assignments of error, but the gist of the complaint is that the court did wrong in not allowing a tax deed relied upon by the plaintiff below to be held valid. According to the case-made, a petition to quiet title was filed on the 8th of March, 1929. It was very much abbreviated and averred ownership in fee simple and exclusive, adverse, legal, complete, and undisturbed possession of lots 1, 2, 3, and 4 of section 18, twp. 4 N., R. 23 E. The nature and source of the plaintiff's title was not set out.

The defendants in the case were Sylvester G. Topping and J. Luther Taylor, if living, but, if not living, the unknown heirs, devisees, trustees, executors, administrators, and assigns, if any, of each of said defendants. The prayer was that they be required to set up any claim, and that on the final hearing title to the property be adjudged in the plaintiff and the claims of the defendants be removed as a cloud upon plaintiff's title. Summons was issued and return made of "not found," and service by publication was thereafter made. An affidavit of publication service was made by Leo G. Mann.

The notice by publication appears to have no heading, but gives the case number, and it appears to run in the name of the state to Sylvester G. Topping and J. Luther Taylor, if living, but if not living the unknown heirs, devisees, trustees, executors, administrators and assigns, if any, of each of said defendants. There was an affidavit of mailing, made by Mann, of having sent a copy of the publication notice and of the petition to J. Luther Taylor, Pittsburg, Kan., and Sylvester G. Topping, in care of J. Luther Taylor, Pittsburg, Kan. The return receipt appears to have been signed for Sylvester G. Topping and J. Luther Taylor, by Rose A. Gruber, Rose A. Gruber being designated as the addressee's agent.

An answer was filed on the 17th of May, 1929, general in its nature, on behalf of both defendants, and signed by Robinson & Oden, as attorneys. On the 21st day of May, 1929, an amended answer of J. Luther Taylor was filed, consisting of a general denial and special denial of possession by plaintiff, either at the time of filing the petition or at any time, and averring that when the action was commenced, and long prior thereto, the defendant Taylor had been in possession of the property, claiming it as his own. There was an allegation of information and belief that the plaintiff was claiming under a tax deed that was void for several reasons set out in the answer, one being that it was not issued in the manner prescribed by law, the second being that no proper notice of the application for tax deed was given defendant, and there was further averment that the affidavit of the plaintiff of inability to serve the defendant with notice, on account of his residence and post-office address being unknown and not being ascertainable by the exercise of reasonable diligence, was false and fraudulent and known to the plaintiff's attorney so to be. There was further averment that W. R. Thomason was the person in actual occupancy of the premises at the time, he being a tenant of the answering defendant, holding under a lease. There was an allegation that the answering defendant had no actual notice of the application for the deed.

There was further allegation that the attorney for the plaintiff knew the residence and post-office address of the defendant, and there were several more allegations setting up facts of a probative nature, to establish the allegation of knowledge by the plaintiff and his attorney of the possession, ownership and residence of the party in possession, at the time of plaintiff's making the showing to the treasurer on which the tax deed was issued. There was prayer for setting aside and canceling the deed. This answer was duly verified by the defendant Taylor. There was a motion for a judgment on the pleadings of Sylvester G. Topping, but it does not appear to have ever been acted upon by the court. Reply was made to the answer of Taylor, consisting of a general denial.

The cause came on for trial on the 1st of July, 1929, the parties appearing by attorney and the Honorable T. P. Clay being the judge. Stipulation in the form of admission by the plaintiff was filed, to the effect that the testimony of the defendant J. Luther Taylor, if he were present, would be that he was the record owner of the land at the time of the taking of the tax deed, and that he would further testify that prior to that time he had considerable correspondence with the attorney who made the affidavit on behalf of the plaintiff, concerning the various tax matters, and before that attorney made the affidavit on the 10th of September, 1928, and further, that he would testify that the attorney making the affidavit well knew that he resided at Pittsburg, Kan., at that time. There was a further admission that the tenant on the place, during the year 1928, was W. R. Thomason, who had been the tenant since said time, and that he was well acquainted with the whereabouts of J. Luther Taylor, and that if he had made any inquiry of that tenant he could have ascertained the whereabouts of the owner. The record contains a statement that the plaintiff stated to the court the material allegations of the petition and what the order would show that he relied upon, and the defendant did the same.

It appears that the plaintiff offered in evidence his tax deed, which had not been pleaded by him, however, which was acknowledged by the county treasurer on the 26th of November, 1928, and was filed for record that day. With this offer the plaintiff rested, and the defendant Taylor put on his evidence, the plaintiff objecting because the answer did not state facts sufficient to constitute a defense, and the objection being overruled, followed by exception. It was admitted that at the time the

tax deed was taken, the defendant Taylor was the owner of the land, and the admission of what he would have testified to appears to have been brought before the court. The court clerk was introduced by the defendant, with the record containing the affidavit for publication service of notice of application for tax deed. The affiant was the attorney for the plaintiff, and claimed to have personal knowledge of the facts, and that the owner of the land was a nonresident of the state, and that the residence and place of business of the owners of the parcels of land, namely lots 1, 2, 3, and 4, sec. 18, twp. 4 N., R. 23 E., were not known to the holders of the tax sale certificate, and by the exercise of reasonable diligence he could not make service on the owner within the state. His affidavit was made on the 10th of September, 1928. Apparently no effort was made to establish actual knowledge of the defendant of the intended application for the tax deed.

With this evidence the parties rested, and the plaintiff demurred to the defendant's evidence, and the defendant made offer to pay all taxes which were due plaintiff. Arguments were had, and no requests for findings were made, and a journal entry of judgment was had on the 2nd of July, finding that the defendant Taylor was entitled to have a cancellation of the tax deed, and that the plaintiff was entitled to have a judgment for his taxes, interest and penalty and costs, and that the taxes be paid within 120 days, which was agreed by the parties to be $94.09. This was followed by a motion for new trial and its overruling and the case being lodged here.

A brief has been filed on behalf of plaintiff in error complaining by assignment of the action of the court in rendering the judgment to quiet the title, and in overruling his motion for new trial, and discussing the proposition of the facts entitling plaintiff to judgment sustaining the tax deed. Some discussion is had of the pleadings. Perhaps there might be criticism of the pleadings as not being as full as they might have been, and this criticism would more probably apply to the plaintiff's pleadings than it would to the pleadings of the defendant below. Some criticism is made of the ownership proof, but this record shows that it was admitted that Taylor, the defendant in error, owned the land. So far as Topping is concerned, he seems to have passed out of the case. Several Oklahoma cases are cited on the proposition of what the defendant ought to plead, and how full the setting up of his claim ought to be, and some Colorado cases on the subject of a tax title, showing what could be proven under

assertions that were general, and on the subject of the burden of proof where presumptions are raised by operation of law from the issuance of instruments, and also our own statutes on the subject and several Oklahoma decisions, are cited.

Argument is made upon the effect of our presumptive statute in the trial of a lawsuit over a tax title, and quotations are made from some of our decisions, Cheney v. Cox, 125 Okla. 108, 256 P. 755, Michie v. Haas, 134 Okla. 57, 272 P. 883, and some comment is made upon the evidence not showing affirmatively that Taylor had no notice of the application to the treasurer to get the tax deed, and several cases are cited on the presumption that arises that public officers do their duty, and the deduction is made that the court should have rendered judgment, the other way.

The answer brief, after making a statement of the facts, cites a lot of Oklahoma cases upon the question of pleadings, as well as the statutory provisions about setting out chain of title in an action of ejectment, and also discusses the question of a suit to clear title in the light of the statute and in the light of the decisions. We do not think that that feature of the matter requires serious consideration, in view of the fact that all parties evidently tried the case below without regard to technicalities arising on questions of pleadings. However, there is one matter discussed in this brief that it appears to us must have been the ground that the court below based its decision on, though not expressly so stated in the judgment, and that is the willful failure of the holder of the tax deed to notify the owner and occupant of the land of the intention to apply to the treasurer for the tax deed. Some opinions are cited of this court holding that the provision contained in section 9749, C. O. S. 1921 [O. S. 1931, sec. 1275a], is mandatory, prescribing what the tax certificate holder must do, as a condition precedent to getting a valid deed, and the notice that must be given to the owner of the land and the person in possession of the land, if it was occupied.

The case of Hutchins v. Richardson, 100 Okla. 80, 227 P. 432, as well as other cases, is relied upon to show that the provision about giving that notice is mandatory, and several more cases are cited to the same effect. Among others is Bowen v. Thompson, 120 Okla. 6, 249 P. 1109, in which it is stated in the syllabus as follows:

"A tax deed issued to the holder of a certificate of purchase at a tax sale of real estate is void where the written notice, as provided by statute, is not served upon the owner of the land in the county where such sale took place, and upon one in possession where same is occupied."

Tested by that decision and by the admitted facts here, it is clear that no reasonable effort was made to serve the tenant in possession, and neither was there any reasonable effort made to serve the owner with notice of the intended application, and consequently the deed was void. We do not see any inequity in this judgment, therefore, which merely let the owner have his land and the purchaser of the tax certificate have his invested money back with a very good rate of interest. Several more cases are cited in this brief, some from other jurisdictions as well as our own, bearing out this contention, but the statute appears to be plain.

A reply brief has been filed, but nothing there is shown that indicates that this court has departed from the ruling that is cited and quoted from above.

The case is accordingly affirmed at the cost of the plaintiff in error.

RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, C. J., CLARK, V. C. J., and McNEILL, J., absent.