**GRAVES FARM LOAN INVESTMENT CO. et al. v. VANCE et al.**

No. 22935. Sept. 11, 1934.

Rehearing Denied Oct. 9, 1934.

Bruce L. Keenan, for plaintiffs in error.

Wm. A. Killey and W. R. Banker, for defendants in error Mary S. Weld and Sam M. Johnson, as sheriff.

WELCH, C. J. This appeal presents a controversy between the trustee in bankruptcy of the Graves Farm Loan Investment Company, plaintiff in error, and Mary S. Weld, defendant in error, and involves a tract of land in Cherokee county. The parties, unless otherwise designated, will be referred to as the trustee and the defendant. The defendant claims a judgment lien on the real estate involved, while the trustee claims the land as a part of the bankrupt estate, free of any such lien.

Certain facts and dates are material. The title to the land involved in Cherokee county, Okla., is in the Graves Farm Loan Investment Company, a Kansas corporation. The defendant had a judgment against the Graves Farm Loan Company, and her judgment lien on the land in question attached May 20, 1929. Thereafter, on June 6, 1929, the defendant procured the issuance of an execution. The land was levied upon and advertised for sale on August 12, 1929. A few days before the sale date Vance & Bliss, claiming a prior lien, instituted this action against defendant, Mary S. Weld, and others, to enjoin the sale, and the same was temporarily enjoined. The Graves Farm Loan Investment Company and one Loy, a Kansas receiver of the Graves Corporation, were joined as parties defendant, the plaintiffs Vance and Bliss seeking a judgment foreclosing their lien. Thereafter, on November 4, 1929, the Graves Farm Loan Investment Company was adjudged a bankrupt, and later, in 1929, or early in 1930, G. Ray Martin became trustee of said bankrupt estate. Thereafter the trustee intervened in this action and filed his pleading claiming the land for the bankrupt estate.

Upon trial of the cause the trial court found that Vance & Bliss had a first lien;

that Mary S. Weld, the defendant, had a valid second lien, and that both liens attached more than four months before bankruptcy and were superior to the rights of the trustee, and that both liens should be satisfied and the balance, if any, to go to the trustee.

The Vance & Bliss lien is not here involved, but the trustee, on appeal, attacks the judgment sustaining the defendant's lien, presenting the controversy first mentioned.

The record clearly shows the defendant's judgment lien and it is enforceable, unless bankruptcy intervened within four months after the lien attached. Collier on Bankruptcy, page 1079.

There was no bankruptcy when the defendant's judgment lien attached, nor when defendant's execution was issued, nor when this action was instituted. The adjudication of bankruptcy was made November 4, 1929, and in June, 1930, the trustee in bankruptcy intervened in this action.

The trial court in sustaining defendant's judgment lien found that the lien attached prior to the four months' period preceding bankruptcy. The trustee attacks that conclusion and contends the lien attached within four months of bankruptcy. It is conceded that the "time of bankruptcy," as would affect defendant's lien, refers to the date of the filing of the petition upon which bankruptcy was adjudicated, and does not refer to and mean the date of the adjudication itself. However, unfortunately for the trustee's contention in this case, there was presented no proof whatever as to the filing of a petition in bankruptcy, or the time of such filing. It might have been filed more than four months after defendant's lien attached as well as within such four months' period. The record discloses no proof in reference to the bankruptcy, except a purported copy of the adjudication of November 4, 1929. That adjudication was made in the District Court of the United States for the District of Kansas, Third Division, at Fort Scott, Kan. No rule authorized the district court of Cherokee county, Okla., to take judicial notice of the filing of petitions in such United States Court.

If the trustee in bankruptcy, pursuant to an adjudication in Kansas, desired to come into the district court of Cherokee county, Okla., and join in, or himself present, an affirmative attack on defendant's judgment lien on real estate, it was the duty of the trustee to present proof of the time of bankruptcy, if he desired to invoke the four months' rule to prevent enforcement of the defendant's judgment lien. If the petition in bankruptcy was in fact filed within four months of the date the judgment lien attached, the trustee could easily have presented proof thereof. The record of proof in the trial court is wholly silent on that point.

The trustee now urges that the defendant, Mary S. Weld, should have made proof of the negative fact that her lien did not attach within the four months' period. That contention was not urged in the trial court, but wherever urged it is without merit under the facts here. That position would be tenable in an action instituted by a lienholder to enforce a lien against property in the hands of a trustee in bankruptcy.

Here the lienholder, the defendant, Mary S. Weld, instituted no such action. She merely proceeded with the enforcement of her lien, with no notice of bankruptcy or of any impending action in reference to bankruptcy.

More than a year after the defendant's lien had attached, and more than ten months after this action had been commenced, the trustee came into this action. His pleadings alleged that the Graves Farm Loan Investment Company had been adjudged a bankrupt, but did not allege the date of adjudication, nor make any reference to the petition in bankruptcy, nor the filing date thereof. Thus we observe that the affirmative action was on the part of the trustee and not on the part of the lienholder, the defendant. It was the trustee who asserted and sought to rely on the bankruptcy for the relief he sought in the action. His was the laboring oar, and the burden was upon him to prove the facts essential to the maintaining of his position, to wit. the date of the filing of the petition in bankruptcy. See section 359, O. S. 1931: 10 R. C. L. pages 898-902; Fifth Ave. Library Society v. Phillips, 39 Okla. 799. 136 P. 1076; Standard Marine Ins. Co. v. Traders Compress Co., 46 Okla. 356, 148 P. 1019; Davis v. Kelly, 96 Okla. 17, 219 P. 923; Tancred v. Holuby, 124 Okla. 97, 254 P. 75.

Since the defendant's judgment lien was regular and valid, and the trustee presented no proof on which the trial court should or could have held the trustee's rights to be superior, it follows that the judgment

appealed from was correct. The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.