## HENDERSON v. LANGLEY.

No. 19702.     June 25, 1935.

Rehearing Denied Sept. 25, 1935.

A. L. Emery, for plaintiff in error.

Leo G. Mann, Twyford & Smith, W. H. Clark, and W. R. Banker, for defendant in error.

McNEILL, C. J. This is an action to quiet title.

The original petition followed the usual statutory form of an action in ejectment and to quiet title. Three of the defendants filed a disclaimer, and then plaintiff filed a supplemental petition against the remaining defendant, L. M. Langley, alleging a cause of action which sought to quiet title to the premises in question.

Plaintiff alleged in substance that she, at all times, had been the owner of the land in question since its selection as her allotment; that she became possessed of the same after said defendants had filed said disclaimer; that the defendant, Langley, was not and never had been in possession; that any claims Langley had in the premises were inferior to the fee-simple title and possession of plaintiff; that Langley should be required to assert her claims in order that said claims might be canceled by the court.

Defendant, Langley, in her answer, admitted that the land had been allotted to plaintiff and that plaintiff was in possession. Said defendant claimed title to the premises from the grantee of a tax deed and pleaded various statutes of limitations as a bar to plaintiff's action.

Plaintiff filed a reply alleging that the county treasurer had no authority to execute the tax deed for the reason that the south half of the land in question was a homestead and not subject to taxation; that the entire 80 acres has been assessed and taxed as a whole; that no notice was served on the plaintiff, or any other person who might have claimed the title as owner of said premises, prior to the execution of the tax deed as required by law, and for these reasons the tax deed was void.

At the trial, plaintiff, after offering a certified copy of the allotment deed and of the homestead deed, rested. The defendant, Langley, then demurred to the evidence and asked for judgment, dismissing the action of plaintiff on the ground that there was no evidence to show that plaintiff was holding title under the deeds introduced. The court overruled the demurrer to the evidence, and the defendant offered in evidence the tax deed which had been pleaded in the answer.

Plaintiff interposed an objection as follows:

"Mr. Emery: We do not object to the introduction of the deed for the reason that it ought to be introduced in evidence for cancellation as a cloud upon plaintiff's title, but when the defendant offers the deed as evidence of title, we object on the ground that it is void on its face, and for the further reason that one-half of the lands listed and taxed and included in the deed is the homestead allotment of the allottee, and is not, therefore, subject to taxation, and we object to it for the further reason that there is no proof that notice was given to the landowner as required by statute prior to the execution of the deed, and that the deed is heresay."

The court overruled this objection, and the defendant thereupon introduced a guardian's deed showing the conveyance of the land in question to F. F. Griswell, being one of the disclaiming defendants. This deed was executed on June 13, 1910. The pleadings reveal that plaintiff was born on January 27, 1906, which fact does not appear to be controverted. Plaintiff objected, and properly so, by reason of a material change in the pleadings, to the introduction of the guardian's deed upon the ground that this deed was not pleaded in the answer. The court overruled this objection. The defendant thereupon rested. Plaintiff then requested the court for a postponement for the hearing in order that she might procure the guardianship proceedings from the county court of Muskogee county in order that she might show the invalidity of the sale of the lands by the guardian. The court denied this request. Plaintiff, without further proof, again rested. Then the defendant, Langley, moved the court for judgment in favor of the defendant and that plaintiff's petition be dismissed.

The court found the issues in favor of the defendant, Langley, and dismissed the plaintiff's petition for want of equity, and decreed that defendant was the owner of the land in controversy and entitled to the possession of the same.

The controversial issue was the validity of the tax deed. The answer was apparently treated as a cross-petition. An answer which alleges facts upon which affirmative relief may be granted may be considered as a cross-petition regardless of its name. Horstman v. Bowermaster, 90 Okla. 262, 217 P. 167.

Plaintiff made out a prima facie case in reference to her title and possession. 12 Encl. of Evidence, pp. 539, 609. The defendant had alleged her interest and title to the premises. This was denied by the plaintiff in her reply. The issue of the validity of the tax deed was thus squarely raised, and the burden was upon the defendant, to prove the validity of said deed, to show the interest that said defendant had acquired. If the defendant, in offering the tax deed in evidence, had submitted proof of notice as required by section 12759, O. S. 1931, the tax deed would then have been evidence, prima facie, of a valid tax sale. Such notice must be proved aliunde the six presumptive facts enumerated in section 12760, O. S. 1931. In the absence of such proof said tax deed was not admissible in evidence for the purpose of showing title in defendant over the objection of plaintiff. Proof of notice required by section 12759, O. S. 1931, supra, was jurisdictional and such notice is not within the matters specifically named in 12760, O. S. 1931. A purchaser at a tax sale is governed by the rule caveat emptor, and when the county treasurer issues to him a tax deed, such purchaser cannot ignore the records before him and assume that there has been a compliance with positive statutory requirements in reference to the various steps essential to the issuance of a tax deed whereby the owner is divested of his title to the land.

A tax deed is purely a creature of the statute. Section 12760, supra, does not provide that a tax deed shall be presumptive evidence of the fact that the notice required by section 12759, O. S. 1931, was served on the landowner, and this court cannot extend the intendment of said section 12760. A tax deed is prima facie evidence of those facts therein set forth, and this court cannot extend the plain meaning of said section so as to make a tax deed prima facie evidence of additional facts not enumerated therein.

In the case of Kepley v. Fouke, 187 Ill. 162, in paragraph 1 of the syllabus it was held as follows:

"Tax Deed Alone Is Not Evidence of Title. / One desiring to avail himself of the effect of a tax deed as evidence of title, and not color of title, merely, should introduce in evidence the notice on which such deed was founded."

In the body of the opinion it was said:

"Defendant in error brought suit in ejectment to recover the southeast quarter of the northwest quarter of section 15, township 7 north, range 5 east of the third principal Meridian, in Effingham county, Ill., and recovered judgment, to reverse which this writ of error is prosecuted.

"It was stipulated on the hearing that title to the premises was in plaintiff, and the effect of a certain tax deed issued to the defendant June 23, 1897, together with the record of sale for taxes and proceedings thereunder, and under which defendant claims title, is the sole question for determination in this court.

"The tax deed was introduced in evidence, but plaintiff in error did not introduce the notice on which said deed was based. The deed alone was not sufficient on which to base title. It is only color of title in itself, together with prima facie proof of certain facts enumerated by statute. The tax deed is a creature of statute, and must be given that meaning and intendment only which the statute directs. The deed is made prima facie evidence of the facts enumerated in the statute, and this court cannot extend it further. Had plaintiff in error desired to avail himself of the effect of the deed as an evidence of title, and not color of title merely, he should have introduced the notice on which it was founded. In Gilbreath v. Dilday, 152 Ill. 207, it is said (p. 212) : 'Appellant's claim of title is under a tax deed. The record shows a sale of this land for taxes and the assignment of the certificate to the appellant. No judgment or precept appears in the evidence, nor is there evidence of the publication of notice, further than the recital in the affidavit of appellant that "this deponent caused a proper notice to be published." etc. Whilst a tax deed is, under the statute (chap. 120, sec. 224), prima facie evidence of certain facts, the sufficiency of the form and manner of publication and the proof of publication are not of those facts.'"

The tax deed in question is regular on its face. The defendant contends that when a tax deed is regular on its face, a presumption arises that the acts of public officers are presumed to be regular and lawful; and that where a final action, such as the issuance of a tax deed, is done by a proper officer, there is a presumption that all antecedent acts were also done. This general rule is not applicable to the issuance of tax deeds. In 61 C. J. 1369, the rule is announced as follows:

"At common law, and in the absence of evidence to the contrary, the presumption that public officials have discharged their duties cannot be indulged to sustain a tax title, and hence, except to the extent that the common-law rules have been modified by statute, the regularity and validity of a tax sale will not be presumed from the mere deed of the collector and its

recitals unaccompanied by proof of the prior proceedings and their validity."

The same text, in reference to the effect of statutory provisions, in section 1955, page 1378, states:

"If the statute enumerates the particular acts or proceedings as to which the tax deed shall be presumptive evidence, it is prima facie evidence only of such acts or proceedings, and all other essential steps or proceedings must of course be proved by evidence aliunde, as at common law. But, where, as is more usually the case, the statute makes the tax deed evidence of the facts recited or required to be recited in it, these need not be separately proved, in the first instance, but the deed, provided it is substantially in the form required by law and apparently legal and regular, will prima facie establish their existence and regularity, except as to facts not required by statute and whose recital is not essential, and except, as has been held, as to mere general recitals by way of conclusion."

In Cooley on Taxation, vol. 4 (4th Ed.) sec. 1548, p. 3012, it is stated:

"At the common law it was necessary that one who claimed to have obtained title to property of another, under proceedings based upon a neglect of public duty, should take upon himself the burden of showing that the duty existed, and had not been performed, and that in the consequent proceedings the law had been complied with by those who had had them in charge."

On page 3016 it is further stated:

"A tax sale is the culmination of proceedings which are matters of record; and it is a reasonable presumption of law that, where one acquires rights which depend upon matters of record, he first makes search of the record in order to ascertain, whether anything shown thereby would diminish the value of such rights, or tend in any contingency to defeat them. A tax purchaser consequently cannot be, in any strict technical sense, a bona fide purchaser, as that term is understood in the law; because a bona fide purchaser is one who buys an apparently good title without notice of anything calculated to impair or affect it; but the tax purchaser is always deemed to have such notice when the record shows defects. He cannot shut his eyes to what has been recorded for the information of all concerned, and relying implicitly on the action of the officers, assume what they have done is legal because they have done it. It is indeed a presumption of law that official duty is performed; and this presumption stands for evidence in many cases; but the law never assumes the existence of jurisdictional facts; and throughout the tax proceedings the general rule is, that the taking of any

one important step is a jurisdictional prerequisite to the next; and it cannot therefore be assumed, because one is shown to have been taken, that the officer performed his duty in taking that which should have preceded it. The tax purchaser buys, therefore, under the operation of the rule caveat emptor. * * *

"Thus a statute which declared that the deed should be evidence of the regularity of the sale was held to prove only the regularity of the proceedings at the sale, leaving the purchaser still under the necessity of showing the regularity of the prior proceedings. * * *

"Where the deed is evidence only of the facts recited, if essential facts are omitted they must be proved before the deed will become evidence of title in the grantee. And if the deed is made presumptive evidence of certain matters only, the recitals it contains are not, except as to those matters, evidence, and the burden is on the purchaser to prove that such recitals are true."

In the case of Miller v. Miller, 96 Cal. 376, 31 P. 247, it was said:

"Appellants introduced their tax deed in evidence and rested, insisting that such deed established a prima facie title in them. * * * In viewing a tax deed from a common-law standpoint, the author of Blackwell on Tax Titles, at section 845, says:

" 'This deed according to the principles of the common law is simply a link in the chain of grantee's title. It does not ipso facto transfer the title of the owner as in grants from the government, or in deeds between man and man. The operative character of it depends upon the regularity of the anterior proceedings. The deed is not the title itself, nor even evidence of it. Its recitals bind no one. * * * No presumption arises, upon the mere production of the deed, that the facts upon which it is based had any existence.'

"Such being the status of a tax deed at common law, it is apparent that whatever dignity and value is attached to this deed, as evidence of title, is granted it by the statutory provisions of this state. Section 3786 * * * declares * * * such deed, duly acknowledged or proved, is primary evidence (prima facie) of certain matters and proceedings, specially naming them. * * * But several years subsequent to the foregoing legislation a statute was enacted providing that 'the purchaser of property sold for delinquent taxes, or his assignee, * * * 30 days before he applies for a deed, serve a notice upon the owner. * * *' It is now insisted by respondents that the service of this notice is a condition precedent to the execution of the deed, and appellants having failed to prove such service, the

deed was issued without authority, and therefore passed no title."

See, also, Johnson v. Taylor, 150 Cal. 201, 88 P. 903, 10 L. R. A. (N. S.) 818; Johnson v. Canty, 162 Cal. 391, 123 P. 263; Cullen v. Western Mtg. & W. T. Co., 47 Mont. 513, 134 P. 302; Horsky v. McKennon, 53 Mont. 50, 162 P. 377; Richards v. Beggs (Colo.) 72 P. 1077.

In the case of Carl v. Stith, 153 Okla. 16, 4 P. (2d) 738, this court said:

"In support thereof they (owners of the land) say that, under the provisions of section 9749, C. O. S. 1921, as a condition precedent to the procuring of a tax deed, the holder of a tax sale certificate 'shall cause a written notice signed by himself to be served upon the owner of the land if he is within the state.' We recognize that rule. But there is no provision requiring a tax deed to show or recite the performance thereof. The performance thereof must be shown by evidence."

See, also, Lind v. Stubblefield, 138 Okla. 280, 282 P. 365; Ashur v. McCreery, 150 Okla. 111, 300 P. 767; Baker v. Rogers, 148 Okla. 279, 1 P. (2d) 366; Savery v. Topping, 158 Okla. 210, 13 P. (2d) 144; Adams v. Rogers, 158 Okla. 163, 13 P. (2d) 170.

Under the foregoing authorities we conclude that in the absence of notice required by section 12759, O. S. 1931, supra, the tax deed offered in evidence was no evidence of title and that the deed, ipso facto, was not presumptive evidence of the statutory proceedings required of public officers intrusted with the various essential steps in the issuance of a tax deed. The notice so required is outside of the statutory form of the tax deed provided in section 12762, O. S. 1931, and is not within the statutory presumption of facts set forth in section 12760, O. S. 1931, or within the presumption that the required antecedent acts of the proper officers have been performed. The burden to show failure of compliance with these indispensable statutory requirements in the procuring of a tax deed rests upon the purchaser or his assignee.

There are no equities in favor of a tax deed holder. His rights are purely statutory. Harris v. Defenbaugh (Kan.) 109 P. 681; Taylor v. Adams (Kan.) 132 P. 1002; Reitz v. Cooper (Kan.) 256 P. 813.

At the time of the adoption of our Tax Code by the territorial legislation in 1890, there was no statute requiring the giving of notice to be served upon the owner of the land by the holder of a certificate of purchase issued at a tax sale prior to the execution of the tax deed. This section of the statute, section 12759, O. S. 1931, was first passed in 1903. See S. L. 1903, p. 234, c. 28, art. 4. Section 9750, C. O. S. 1921 (12760, O. S. 1931), enumerating the six presumptive facts, being a part of the original Tax Code adopted by the first Legislative Assembly in 1890 as section 6223, Statutes of Oklahoma, 1890 (section 5667, Statutes of 1893), has never been amended so as to make a tax deed presumptive evidence of the notice and demand for a tax deed.

We conclude that this cause should be remanded for a new trial to permit the parties to proceed further in consonance with the views herein expressed.

OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.