### FLETCHER v. TWYFORD et al.
#### No. 35156.

Supreme Court of Oklahoma.

Jan. 27, 1954.

Rehearing Denied March 2, 1954.

Orval Grim, Sayre, for plaintiff in error.

Arney & Barker, Clinton, for defendants in error.

DAVISON, Justice.

This is a suit to quiet title to a forty acre tract of land in Roger Mills County, Oklahoma. It was brought by the plaintiffs, James S. Twyford, Solon W. Smith, Elizabeth L. Gibson and Louise G. Smith, as the

alleged owners of a one-half undivided interest in the minerals, against the defendants, J. A. Logan, Cy Howenstein and A. C. Quattlebaum, the alleged owners of the remainder of the fee, the defendant E. V. Fletcher, who claimed title by virtue of a certificate tax deed, the defendants, Shell Oil Company, Incorporated, and Shell Oil Company, the latter claiming as oil and gas lessee under Fletcher, and the defendants, Paul W. Fleeger and E. M. Cowles. The parties will be referred to as they appeared in the trial court.

A determination of the extent of the estate, if any, owned by the defendant, Fletcher, by reason of his certificate tax deed, will dispose of the entire controversy. On April 10, 1945, the defendant E. V. Fletcher, filed for record his certificate tax deed of the same date, covering said lands, and immediately went into possession thereof. There is some contention that he did not actually occupy the premises but the record discloses that he exercised open hostile dominion over the same by using it as a pasture for his cattle, in conjunction with other adjacent lands which he owned, and by the payment of subsequently assessed taxes. This suit was filed on February 17, 1950, and on May 9, 1950, the defendants, Howenstein, Logan and Quattlebaum, filed their answer and cross-petition, seeking a decree quieting their title to the entire fee, except for the title of plaintiffs. The defendant, Fletcher, filed his answer and cross-petition on August 14, 1950, setting up his said tax deed and his possession thereunder and, by subsequent pleadings, raised the issue of the bar of the statute of limitations. The defendant Quattlebaum died and a revivor was had in the names of his heirs. Judgment was for the plaintiffs and the defendants, Howenstein, Logan and Quattlebaum and against all other parties. From said judgment, the defendant Fletcher has appealed.

■ Much space in the briefs has been devoted to argument on the statute of limitations. 12 O.S.1951 § 93, pars. 3 and 6. Since the briefs were filed, this court has, in the case of Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058, 1062, determined the questions here raised. Therein it was said,

" * * * The answer of defendant, attacking plaintiff's title under the tax deed, for the first time, was filed September 5, 1950, and the five year period of limitation had expired.

" * * * Clearly the Legislature of 1949 intended that there shall be a limit of time within which deeds of the three classes mentioned in subsec. (6) can be attacked and that unless such actions were commenced within the designated period the right of each attack is lost. The statute was designed to force one who is not in possession to begin his action for recovery of his interest in the real property or to determine an interest adverse within the specified time or lose his right to attack the deed in question. * * *"

In the instant case, the first pleading filed by the defendants, Howenstein, Logan and Quattlebaum, attacking Fletcher's tax deed was the answer and cross-petition filed on May 9, 1950. Fletcher had recorded his deed and had taken possession of the property on April 10, 1945, more than five years previously. His title, therefore, could not be questioned by them. Judgment of the trial court should have been in his favor as against them.

■■ The plaintiffs, having filed their petition on February 17, 1950, or prior to the bar of the statute, were eligible to contest the validity of the tax deed. The trial court refused to admit the tax deed of defendant Fletcher in evidence without having a predicate first laid by proof of notice of application therefor in conformity with the requirements of the tax sale statutes. The proof of the deed and other instruments and proceedings in connection therewith, appears in the record as being offered, rejected and excepted to. The record does not disclose that the defendant Fletcher issued and had or attempted to have service of a notice of application for tax deed, prior to the published notice, as is required by 68 O.S.1951 § 451. For that reason the trial court held that the tax deed was not admissible as evidence.

Said defendant relies upon the rule applied in the case of Hammer v. Baldwin,

203 Okl. 680, 225 P.2d 801, 803, to the effect that,

> "The burden of proof is upon one who attacks a tax deed, regular upon its face, because of irregularities in proceedings leading up to its execution, to prove such irregularities as render the deed void."

But that case presented a different fact situation from the case at bar. There it was said that "The tax·deed to C. W. Baldwin is regular on its face. The notice· of intention to apply for tax deed is regular and justified service of notice by publication. The affidavit in lieu of mailing copy of ·notice· was regular in form. * * *"

The instant case is controlled by the holding in the case of Henderson v. Langley, 173 Okl. 550, 49 P.2d 167, 168. The sections of the statute which now are entitled 68 O.S.1951·§§ 451 and 452, are referred to in the cited case by the numbers under which they appeared in the 1931 statutes. In that case it was said:

> "* * * The issue of the validity of the tax deed was thus squarely raised and the burden was upon the defendant to prove the validity of said deed to show the interest that said defendant had acquired. If the defendant, in offering the tax deed in evidence, had submitted proof of notice as required by section 12759, O.S.1931, the tax deed would then have been evidence, prima facie, of a valid tax sale. Such notice must be proved aliunde the six presumptive facts enumerated in section 12760, O.S.1931. In the absence of such proof, said tax deed was not admissible in evidence for the purpose of showing title in defendant over the objection of plaintiff. Proof of notice required by section 12759, O.S.1931, supra, was jurisdictional and such notice is not within the matters specifically named in section 12760, O.S.1931. * * *"

Under the quoted rules, the tax deed in the case at bar, was not admissible in evidence until after proof of proper notice of application therefor. The trial court was correct in sustaining plaintiffs' objection to the introduction in evidence of such deed. That rule, however, was not applicable to the defendants, Howenstein, Logan and Quattlebaum. The running of the statute of limitation had barred them from attacking the validity of the deed, as pointed out above.

The judgment is affirmed insofar as it approved and quieted the title of plaintiffs to an undivided one-half interest in the minerals. As to the title to the remainder of the entire fee, the judgment is reversed and the cause remanded with directions to enter judgment for the defendant, E. V. Fletcher, in conformity with the views herein ·expressed.

It is so ordered.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.