**Robert E. THEIN, Plaintiff in Error,**

v.

**Otis H. EVERSOLE, Defendant in Error.**

No. 38030.

Supreme Court of Oklahoma.

Oct. 21, 1958.

R. M. Mountcastle, Muskogee, George H. Shirk, Oklahoma City, for plaintiff in error.

Norman & Wheeler, Cecil E. Robertson, Muskogee, for defendant in error.

CARLILE, Justice.

This action was filed by Otis H. Eversole against Robert E. Thein, and others, to

quiet title to various lots, parts of lots, and tracts of land, and plaintiff alleged with respect to the land involved in this appeal that he owned fee title to Tracts 1 and 2, described as parts of lots in the City of Muskogee; that he acquired title thereto by virtue of two certificate tax deeds dated and filed November 8, 1956; that at and prior to the issuance of the certificate tax deeds the defendant, Robert E. Thein, was the record owner of the land and failed to pay certain delinquent taxes, and the land was sold for taxes to Muskogee County, which county thereafter sold and assigned the tax sale certificates to the plaintiff, who delivered to the Sheriff of Muskogee County, to be served on the defendant, written notices of plaintiff's intention to demand of the County Treasurer tax deeds, which notices were returned showing that the land owner, Thein, was not found in the county; that plaintiff caused such notices to be published as required by law and after expiration date of the redemption period he demanded and received tax deeds from the County Treasurer. Plaintiff further alleged that the defendant claimed some right, title or interest in the land adverse to plaintiff, which claim was invalid and a cloud on plaintiff's title, and prayed that the certificate tax deeds be adjudged valid and his title to the land quieted. The defendant, Thein, filed answer to the petition, generally denying the allegations therein, but admitting that he claimed title to the described tracts of real estate, and alleged that the purported tax deeds under which the plaintiff claimed title were a nullity and of no legal force because of certain irregularities and defects in the tax proceedings, some of which are relied on and presented by the defendant in support of his appeal. The defendant tendered and offered to pay all taxes, penalties and costs against the land, and prayed that the certificate tax deeds held by plaintiff be cancelled as a cloud on his title, and for all proper equitable relief.

After introduction of the evidence by the respective parties and a trial of the issues the court found in favor of the plaintiff and plaintiff's certificate tax deeds were adjudged valid and judgment rendered for the plaintiff, quieting his title to the land as against the adverse claims of the defendant. Motion for a new trial was overruled, and the defendant, Thein, appealed. The parties will be referred to here as they appeared in the trial court.

The record shows that plaintiff, as assignee and owner of the tax sale certificates on the land involved, delivered to the Sheriff of Muskogee County for service on the defendant written notice of the expiration period for redemption of the land from the tax sale and of his intention to demand of the County Treasurer tax deeds at the expiration period allowed for redemption. One of the notices on one of the tracts involved was served on Sam Dotson, who was designated in the notice as the person in possession. The notices were returned by the sheriff showing that Robert E. Thein was not found in the county. The plaintiff introduced in evidence a written notice of application for tax deeds dated August 30, 1956, addressed to the defendant, Thein, and other persons not parties in this appeal, stating that unless redemption be made from the tax sales referred to within 60 days after the first publication of the notice he would demand that tax deeds be issued to him as prescribed by law, which notice bore filing date in the County Clerk's office of November 7, 1956. An affidavit for publication notice was filed in the County Clerk's office on August 30, 1956, but there is no proof in the record that the notice was personally served or published. An Affidavit of non-mailing of notice to the persons named was dated and filed on November 7, 1956.

The defendant, plaintiff in error here, first presents the following proposition:

"A purported certificate tax deed based upon proceedings wherein no actual or constructive service of notice thereof was obtained upon the former owner is void."

And in support thereof calls attention to Title 68 O.S.1951 § 451, which provides the

procedure whereby the owner of a tax sale certificate may give notice and obtain a tax deed thereon. The statute requires in part that the holder of a tax sale certificate serve written notice upon the landowner if he is within the state, and upon the person in possession of the land, which notice shall recite the sale of the land, date of sale, and notify such person that unless redemption is made from such sale within 60 days after the date of the service of notice a tax deed will be demanded and issue as provided by law. If it shall be made to appear that the holder of the tax certificate cannot by the exercise of reasonable diligence make service of such notice upon such owner within the state, then service shall be made by publication. The notice, with the tax sale certificate, after being duly served or published shall be returned and filed in the office of the County Clerk, who shall make notation of its date and the date of service upon the delinquent sale record. Among the cases cited and relied on by the defendant is the case of Wilcox v. Westerheide, 199 Okl. 312, 185 P.2d 452, 453, 173 A.L.R. 1171, which holds that proof of the service of notice of application for tax deed is jurisdictional and in the syllabus holds:

"A notice of application for a certificate tax deed served by a person not qualified to make such service under the applicable statutes is of no force and effect, and a deed based upon such service is void."

The preceding case cites with approval Henderson v. Langley, 173 Okl. 550, 49 P. 2d 167, which holds:

"Section 12760, O.S.1931, does not provide that a tax deed shall be presumptive evidence of the fact that the notice required by section 12759 O.S. 1931 (68 O.S.1951, section 451), was served on the landowner and this court cannot extend the intendment of said section 12760, so as to make a tax deed prima facie evidence of additional facts not enumerated therein."

The holding in Henderson v. Langley, supra, was followed and applied in the case of Fletcher v. Twyford, Okl., 267 P.2d 554, which holds:

"Notice as required by 68 O.S.1951, § 451, must be proved aliunde the six presumptive facts enumerated in 68 O.S.1951 § 452. Proof of such notice is jurisdictional and such notice is not within the matters specifically named in 68 O.S.1951 § 452.

"A certificate tax deed alone is not evidence of title and one desiring to avail himself of the effect of a tax deed as evidence of title should introduce in evidence the notice required by 68 O.S.1951 § 451."

The plaintiff, in answer to the defendant's first proposition, asserts in his brief that notice of his demand for a tax deed was published and proof thereof filed in the office of the County Clerk and says: "It is true that the notice and proof of publication were not introduced at the trial because there was no necessity therefor." He then calls attention to the language in the tax deeds, which recite that proof of the notice by service or publication to the landowner had been filed in the office of the County Clerk. Such recital in the tax deeds is not proof of the service of the notice by publication and does not establish a compliance with the statute. The holding announced in the preceding cases, among which is Fletcher v. Twyford, supra, is that:

"A certificate tax deed alone is not evidence of title and one desiring to avail himself of the effect of a tax deed as evidence of title should introduce in evidence the notice required by 68 O.S.1951 § 451."

We are of the opinion and hold that the plaintiff failed to prove that notice of application for tax deeds was published, as required by law, and conclude that the judgment of the trial court holding the certificate tax deeds valid is erroneous as a matter of law, and is against the clear weight of the evidence and should be reversed.

In view of our holding herein we deem it unnecessary to pass upon other propositions presented by the defendant.

Judgment of the District Court is reversed and cause remanded with directions to grant defendant, plaintiff in error here, a new trial.