Virgil R. BALL, Goldie I. Perryman and
Roy H. Ball, Plaintiffs in Error,

**v.**

Omri (Bud) AUTRY, Velma Autry Walsh,
Belle Autry Burney, Charles Starritt,
Steadman Starritt, Thomas B. Starritt,
Clemmie Starritt Teapie, Marjorie Starritt
Walling and Sophie Autry Leach et al., De-
fendants in Error.

No. 40829.

Supreme Court of Oklahoma.

Oct. 11, 1966.

Geo. N. Otey, Otey, Johnson & Evans, Ardmore, Crawford W. Cameron, Marietta, for plaintiffs in error.

Milor & Thomas, Ardmore, C. C. Wilkins, Marietta, for defendants in error.

JACKSON, Vice Chief Justice

In the trial court plaintiffs, Virgil R. Ball and others claiming through him, filed this action to quiet title to the minerals in and under 96.59 acres of land in Love County, Oklahoma. Plaintiffs based their claim on a recorded certificate tax deed issued to Virgil R. Ball on March 20, 1934, and adverse possession for more than five years thereafter, under the provisions of 12 O.S.1961, Sec. 93(3) and (6). The defendants, Autry and others who are involved in this appeal, filed answers and cross petitions in which they claimed a seven-eighths undivided interest in the oil, gas and other minerals lying in and under the land.

At the trial plaintiffs offered in evidence Virgil R. Ball's recorded certificate tax deed and presented testimony of several witnesses to establish adverse possession of the premises by the plaintiffs and their privies for more than five years after the recording of the tax deed in 1934. Whether the certificate deed was admitted in evidence is not clear, but it is undisputed that Virgil R. Ball did receive and record a certificate tax deed in 1934.

The evidence offered by defendants, Autry and others, showed that they claimed ownership of seven-eighths of the minerals by virtue of mineral conveyances executed prior to the tax sale leading to plaintiff's certificate tax deed. Defendants offered no testimony to controvert plaintiffs' evidence on the question of adverse possession. There was a stipulation to the effect that there had never been any oil or gas produced on the premises, and that defendants had never been in the actual physical possession thereof. It does not appear that there has ever been any exploration for oil or gas on the premises.

The trial court held in favor of the defendants and plaintiffs have appealed.

The trial court specifically found that plaintiffs' certificate tax deed was void and that they had not proved adverse possession. However, from the record, it appears that this latter finding was based upon a conclusion of law that under the circumstances hereinafter related, plaintiffs could not claim adversely to defendants.

The briefs of the parties disclose that an "original sale" was conducted in 1931 for non-payment of delinquent taxes for the year 1930. In 1932 Jesse R. Ball, father of (plaintiff) Virgil R. Ball, took a quit claim deed to a fractional interest (including a mineral interest) in the property from one of the prior record owners. In 1933 Virgil R. Ball purchased the tax sale certificate from the county, and in 1934 acquired from the county treasurer a certificate tax deed to the land involved herein. It is not contended, and the record does not disclose, that Virgil R. Ball was acting for and on behalf of his father in acquiring the tax certificate and treasurer's deed. On the contrary Virgil R. Ball's uncontradicted testimony was that he used his own money and bought the land for himself. Jesse R. Ball died in 1936 and Virgil R. Ball inherited a part of his father's interest (if he had any) in the land in question. It was apparently the trial court's conclusion that with the death of Jesse R. Ball in 1936 (less than 5 years after the recording of the certificate tax deed), plaintiff Virgil R. Ball became a cotenant with the defendants, owners of the severed mineral interests, and that he could not thereafter claim adversely to his cotenants.

■ This conclusion was undoubtedly based upon the broad general rule that one may not acquire an outstanding adversary title or claim and assert it, as against his cotenants, for his exclusive benefit. See 20 Am.Jur.2d, Cotenancy and Joint Ownership, Sec. 69. As noted in the next section of the same work, however, this rule is subject to a number of exceptions. In Hodgson v. Federal Oil and Development Company, 274 U.S. 15, 47 S.Ct. 502, 503, 71 L.Ed. 901, 54 A.L.R. 869, the United States Supreme Court said:

"The rule as commonly stated forbids a cotenant from acquiring and asserting an adverse title against his companions *because of the mutual trust and confidence supposed to exist*; but the rule does not go beyond the reason which supports it. If the interests of the cotenants accrue at different times, under different instruments, and neither has superior means of information respecting the state of the title, then either, unless he employs his cotenancy to secure an advantage, may acquire and assert a superior outstanding title, especially where there is no joint possession * * *." (Emphasis supplied).

In Wilcox Oil Co. v. Schott, Okl., 327 P.2d 471, this court quoted the above language with approval and said:

"In our opinion it would be fanciful to assume in all cases a relation of mutual

trust and confidence between the various owners of non-producing mineral interests who acquired their interests at different times, under different instruments. In many cases such individuals do not know each other. It would result in an absolute fiction to hold that such a trust relation does or should exist in all cases. * * *."

On the general subject of inurement in cotenancy, see William J. Legg's article appearing in 34 OBJ (Oklahoma Bar Assoc. Journal) at page 1239.

■ In the case now before us, there is no evidence at all upon which to base a conclusion that a relationship of mutual trust and confidence existed at any time between plaintiff Virgil R. Ball and the defendant owners of severed mineral interests. They acquired their interests at different times and under different instruments, and the "means of information respecting the state of the title" was a matter of public record which was available for inspection by any interested party. We therefore hold that the trial court's conclusion that Ball could not hold adversely to the defendants because of the alleged cotenancy was erroneous.

It is suggested that the court's holding that the certificate tax deed was void must be sustained because of a "legal or moral duty" on the part of Virgil R. Ball to pay the delinquent taxes which led to the tax sale proceedings. See Akin v. Loudder, 201 Okl. 47, 200 P.2d 763. This duty is said to arise because of his relationship with Jesse R. Ball, from whom he inherited an interest in the land.

No case has been cited, and we have found none, which is precisely in point on the facts. However, in all cases where this court has refused to uphold a tax deed because of a "legal or moral duty" to pay the taxes, a contrary holding would have, directly or indirectly, inured to the benefit of a prior record owner of the lands—that is, to the benefit of one upon whom rested the primary duty to pay the taxes.

For instance, in Brooks v. Garner, 20 Okl. 236, 94 P. 694, 97 P. 995, an agent for the prior record owner arranged for a third party to obtain the tax deed and then re-convey the premises to the prior record owner. In Grison Oil Corporation v. Lewis, 175 Okl. 597, 54 P.2d 386, the property was actually bought at tax sale in the name of the prior record owner. In Curry v. Frerichs, 194 Okl. 230, 149 P.2d 95, the tax deed was taken by a stranger who, one month later, re-conveyed the property to the prior record owner. In Edwards v. Gardner, 198 Okl. 217, 176 P.2d 1014, the prior record owner arranged for an agent to bid in the property and thereafter had the name of the prior owner's son-in-law inserted in the tax deed.

■ From an examination of the above cases, and others, it is apparent that the "legal or moral duty", the violation of which voided the tax deed, was the duty, directly or indirectly, of the prior record owner. In the case now before us Virgil R. Ball did not occupy the position of a prior record owner. He did not inherit a portion of his father's interest until 1936, and after he had acquired his certificate tax deed in 1934 and had gone into possession of the land under it. We therefore hold that the certificate tax deed was not void because of any supposed legal or moral duty on the part of Virgil R. Ball to pay the taxes.

In support of the trial court's decision the defendants argue that the tax deed was void, and being void, was not admissible in evidence and therefore plaintiff's proof of possession did not establish adverse possession as required by law to perfect title by prescription. This case was tried and briefed prior to our decision in Walker v. Hoffman, Okl., 405 P.2d 57, infra.

12 O.S.1961, Sec. 93(3) and (6), supra, provides in pertinent part that an action for recovery of real property sold for taxes may only be brought within five years after the recording of a tax deed. Section 93, sub-section six (6), provides that sub-paragraph three (3) shall be fully

operative regardless of whether the tax deed is void or voidable in whole or in part for any reason, jurisdictional or otherwise, and 68 O.S.1961, Sec. 451, provides that a certificate tax deed shall vest in the grantee an absolute estate in fee simple.

Based upon 12 O.S.1961, Sec. 93 (3) and (6), supra, it became apparent that plaintiffs made a prima facie case of title by adverse possession when they offered in evidence their recorded certificate tax deed and proved that they had been in open, notorious and exclusive possession for more than five years subsequent to 1934 (the date of obtaining and recording of the deed). 12 O.S.1961, Sec. 93, supra, did not require the plaintiffs in this case to prove that their certificate tax deed was valid. In this connection it is important to notice that plaintiffs did not rely upon their certificate tax deed alone, but upon the deed plus five years of adverse possession.

In this case the defendants contend, without pleadings or proof to support the contention, that the plaintiff, Virgil R. Ball, failed to give defendants (owners of severed mineral interests) notice of his application for a certificate tax deed as required by 68 O.S.1961, Sec. 451, supra. They also contend that the burden was not upon defendants, but upon plaintiffs, to prove that the notice was given. We are aware that in cases in which a party relies upon the tax deed alone (with no plea of title by five years of adverse possession) this court has followed a rule which requires such party to make affirmative proof of the statutory notice. Thein v. Eversole, Okl., 331 P.2d 409. However, in cases such as this one, where the plaintiff tax deed holder pleads title by adverse possession and relies upon the certificate tax deed only for "color of title" as distinguished from "evidence of title" (Henderson v. Langley, 173 Okl. 550, 49 P.2d 167), the 1949 amendment of 12 O.S.1961, Sec. 93, has removed the necessity for such proof, since under sub-paragraph (6) the question of whether the deed relied upon was void or voidable becomes immaterial, at least insofar as plaintiffs' prima facie case was concerned.

In Kurz v. Stafford, 135 Okl. 121, 274 P. 674, we held:

"Whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of plaintiff's case, he must set it out. Any fact which avoids the action and which the plaintiff is not bound to prove in the first instance in support of it is new matter, and must be specifically pleaded."

In Graves Farm Loan Inv. Co., et al., v. Vance et al., 169 Okl. 177, 35 P.2d 896, we held:

"The burden of proof rests upon the party having the affirmative as made up by the pleadings, and such party must prove every essential fact necessary to establish his cause of action or defense."

In a supplemental answer brief the defendants assert that Walker v. Hoffman, Okl., 405 P.2d 57, supra, directly applies in this case. We are unable to agree. It was stipulated in that case that no notice of the application for the certificate deed was issued to the owners of the severed mineral interest, and it was contended by the severed mineral interest holders, in effect, that since notice of application for deed was not given, and since possession of the surface for five years (without producing the minerals) does not constitute notice of an adverse claim to the minerals, that they had been deprived of their property without due process of law. In that case we were not called upon to determine whether the burden of proof was upon the plaintiff or the defendants. In the instant case we must make that decision and have concluded that in view of 12 O.S.1961, Sec. 93(3) and (6) that plaintiffs made a prima facie case for recovery upon proof of their recorded certificate tax deed and proof of adverse possession of the premises for five years. The burden of proof, therefore, rested with the defendants to

show that no notice of the application for certificate deed was given to the defendants. Since they did not do so they have not shown that they have been deprived of due process of law. On the contrary they took the position, and still maintain, that the burden of proof was upon the plaintiffs to prove the statutory notice.

From the conclusions reached herein it follows that the judgment must be, and is, reversed and the cause is remanded to the trial court with directions to enter judgment for the plaintiffs.