DAY *v.* HOGANS *et al.*

[93 South. 578, No. 22492.]

1. MORTGAGES. *Where mortgage entitles mortgagee to declare whole indebtedness due on default, he may foreclose without formal declaration of intent to exercise option to declare whole debt due.*

Unless a mortgage securing the payment of several promissory notes which provides that on the failure of the mortgagor to pay any of the notes or interest thereon when due the whole indebtedness secured thereby shall mature and become payable at the option of the mortgagee requires a formal declaration or notice by the mortgagee of intention to exercise the option, he may, on the failure of the mortgagor to so pay a note or interest, foreclose the mortgage under a power of sale therein without notice or formal declaration of his intention of exercising his option of collecting the whole debt.

2. MORTGAGES. *Tenancy in common. Where land is owned by one person, and trees thereon by another, either may acquire property of the other by purchasing at mortgage sale.*

Where land is owned by one person, and the trees growing thereon by another, the relation between them is not that of tenants in common, and neither owes any duty to the other to pay off a mortgage which had been given on the land and trees by a prior owner thereof, and each may acquire a title to the property of the other by purchasing at a sale under the mortgage.

APPEAL from chancery court of Monroe county.

HON. A. J. MCINTYRE, Chancellor.

Bill by C. C. Day against Henry Hogans and others. From a decree of dismissal, complainant appeals. Affirmed.

*Leftwich & Tubb,* for appellant.

The court will observe on the threshold of this case that complainant below, appellant here, and appellee Hogans, at the time of the attempted foreclosure on October 4, 1920, were co-owners of the property, Day owning the pine timber growing on the property, all the other timber and the land itself being owned by Hogans, subject to the purchase money mortgage executed by Flynt to Mrs. Coleman, when he purchased the land of her on September 1, 1907, from the terms of which deed of trust we have quoted two paragraphs in the statement of the case. Hogans and Day both acquired them subject to Mrs. Coleman's purchase money mortgage. According to the bill, each was cognizant of the other's rights and essentially a trust relation with reference to the land sprung up between them because of a common ownership. While Day owned the pine timber growing on the land, he was jointly interested with Hogans as a part owner of the realty, though the relation is not precisely that of tenants in common, or joint tenants. *Butterfield Lumber Co.* v. *Guy,* 92 Miss. 361, 15 L. R. A. (N. S.) 1123; *Forest Product Co.* v. *Buckley,* 107 Miss. 897; *Fox* v. *Pearl Lumber Co.,* 80 Miss. 1; *McKenzie* v. *Shows,* 70 Miss. 388; *Davis* v. *State,* 80 Miss. 376.

Whether Day and Hogans are technically tenants in common or not, they are joint owners in the realty. Day's rights are restricted to the pine timber with the right of ingress and egress upon the land to remove it. Day is also entitled to the full use of the soil for the nourishment and growth of his timber. There are no limitations as to time when he shall remove it. His title is in fee simple. *Butterfield Lumber Co.* v. *Gay, supra,* 92 Miss. 361.

The relation is such between Day and Hogans, there being an outstanding lien against both, and superior to both, both standing to one another in a relation of trust and confidence, made so by the nature of the subject-matter of their holdings, that their relations are fiduciary and the foreclosure made by Mrs. Coleman, through her trustee, especially by procurement of Hogans, was nothing more than a redemption from an outstanding incumbrance and inures to the benefit of Day, his only obligation being to seasonably tender payment of his share of the incumbrance, even where the sale was *in invitum* and without collusion. For Hogans to procure the foreclosure and thus deprive Day of his pine Timber is a breach of good faith, inequitable and leaves him just where he started. 38 Cyc. 14, 15, 16, 40, 41, and 42, and notes referring to numerous Mississippi cases. The purchase at a mortgage sale of the common property necessarily inures to the benefit of all subject only to a just contribution from the co-owners. *Smith* v. *McWhorter,* 74 Miss. 400; *Wyatt* v. *Wyatt,* 81 Miss. 219.

The same rule prevails with reference to the purchase of a tax title, by one having a common interest in the property. The husband or wife, even, of a tenant in common, is not allowed to purchase at the tax sale and oust the co-owners because it would be inequitable and unjust and the title acquired inures to the benefit of the co-tenant or co-owners, subject only to the burden of the other co-tenants, to make a just contribution to the expenses of the redemption, which is tendered in the bill. Tenants in common and co-tenants must act consistently and cannot assail the title under which they claim. 38 Cyc. 73 and 74; *Jonas*

v. *Flanniken,* 69 Miss. 577; *McGee* v. *Holmes,* 63 Miss. 50.

It must be obvious that if a co-tenant, or tenant in common, or joint owner causes property to be sold under a deed of trust or mortgage, or other lien, for the purpose of purchasing for his own benefit, the outstanding title thus created, is guilty of a breach of trust which precludes him from taking advantage of his act as against his other co-owners. 7th R. C. L. 860, sec. 53; *Carpenter* v. *Carpenter,* 27 Amer. St. Rep., 569; 37 R. L. A. (N. S.) 31 notes; 91 Amer. St. Rep. 852, extended notes; *Dorcey* v. *Bayne,* note 10 L. R. A. (N. S.) 865.

It is no answer to these authorities to say that the relations of Hogans and Day in the present instance, with reference to the property is not that of tenants in common, or joint tenants, for so to say is hanging in the bark. Mr. Pomeroy in his Equity Jurisprudence, in treating of the subject to "Owners in Common," treats the relation that arises . . . between tenants in common or joint tenants of the property as only an illustration of the general rule. Section 407, Vol. 1, page 446; 7 R. C. L., page 860, sec. 53.

*McFarland & Holmes,* for appellees.

Counsel for appellant states that: "Day was jointly interested with Hogans as a part owner of the realty," and refers the court to the case of *Forest Product Co.* v. *Buckley,* 107 Miss.; as a matter of fact this case holds just the reverse of appellant's contention, and supports our idea that there is no such relation, or even an analogous one, existing between the parties hereto. We quote from the opinion in the above case: "It seems clear that the parties hereto do not hold the property in question either as joint tenants, tenants in common, or co-partners, and therefore they do not come within the terms of the statute. Appellee has parted with all of his title to the trees, and has no further interest therein. Appellant owns no part of the land as such, but only owns the trees standing there-

on, with the incidental right of having them remain on and receive sustenance from the soil until they shall be cut and removed. The situation of the parties hereto is substantially the same as that of persons who own different rooms in the same building, or as that created when the owner of the soil sells the coal or other mineral lying beneath the surface; and it has never been held, so far as we are aware, that parties thus situated are joint tenants or tenants in common. The case of *White* v. *Lefoldt,* 78 Miss. 173, seems to be conclusive of this controversy, for the reason that the ownership of the house in that case was similar to the ownership of the trees in the case at bar." In other words, in this case Day owned the pine trees in fee simple, subject to the mortgage, and Hogans owned the land and the balance of the timber in fee simple, subject to the mortgage; and neither owned any interest whatever in the other's property, and neither was under any obligation to the other to protect him from anything whatever. The Butterfield case, the Fox case and the other cases cited by counsel on this point hold that the relation of tenant in common or joint ownership does not exist in situations like the case at bar. We do not dispute the contention of counsel that the purchase at a mortgage sale of the common property by one co-tenant, or joint owner, inures to the benefit of all, but we do earnestly contend that no such relationship existed between the parties hereto.

Counsel for appellant next cites the rule with reference to one co-tenant purchasing at a tax sale the common property, and cites the case of *Jones* v. *Flanniken,* 69 Miss. 577, to show that such a purchase will enure to the benefit of all co-tenants. We call the court's attention to the case of *Davis et al.* v. *Case et al.,* 72 Miss. 985, which holds that where the purchaser of an undivided interest in land takes possession of and occupies in severalty a part thereof, and procures such part to be assessed to herself, and the owner of the other interest, in recognition of such partition, has the remainder assessed to him and pays taxes thereon, they owe each other no duty as to payment of taxes, such as

ordinarily exists between tenants in common, and if the part assessed to one be thereafter sold for taxes, the other is not precluded from acquiring it. Which merely means that if no relationship of joint tenant or tenant in common exists, although it may at one time have existed, then neither party is precluded from acquiring title at a tax sale to the property of the other. To the same effect is the case of *Fox* v. *Coon,* 64 Miss. 465.

The quotations from Pomeroy are in reference to persons in common ownership of property, as to which we concede the rule to be correctly announced. But in this case there is no common ownership of property; Day owned his pine timber outright, and Hogans had no interest whatever in it, and Hogans owned the land and the balance of the timber outright, and Day had no interest whatever in it.

If no relation of trust or joint ownership existed between the parties hereto, it makes no difference whether Hogans had the money in his pocket to pay the interest, or not. If Day was so anxious to pay the interest and avoid the foreclosure, he could have done so and sued Hogans to recover whatever was due him; or he could have paid off the indebtedness before sale, and had the mortgage transferred to him. If he saw fit to allow the property to be sold under the mortgage, it was his duty to bid it up to the amount he thought it worth, and then receive from the trustee his proportionate value of the excess over the indebtedness. This was as much his duty as it was that of Hogans. Each one owed it to himself to protect himself, and neither owed the other any duty whatever. If the value of Day's pine timber was so much out of proportion to the value of Hogans' land and the balance of the timber, Hogans was not to blame for it, and it was no less Day's duty to bid it all up to its true value and protect himself thereby, failing which, he merely has to suffer the consequences.

Our contention in this case is that no relation of cotenancy, joint tenancy, co-partnership or any analogous

relation existed between Day and Hogans; that Day owned his pine timber outright, and Hogans owned his land and the balance of the timber outright; just as one person may own one store of a building, and another person another story and the one owes no duty to the other, see 3 L. R. A. (N. S.) 510; and that the correct rule in this case is well stated in the note to the case of McLawhorn 1. Harris, 37 L. R. A. (N. S.) 831, on page 832, as follows: "The rule that the relation of co-tenancy, while in existence, is regarded as being of a sufficiently confidential character to preclude one of the co-tenants from acquiring any adverse or hostile rights as against his co-tenants in the common property, does not apply to property not held in co-tenancy. In general it may be said that where there is no longer a common interest in the property the privity and all consequences flowing from it ceases.

In conclusion we desire to call the attention of the court to the nearest Mississippi case we have been able to find analagous to the case at bar, that of *Searles et al.* v. *Kelly et al.,* which we respectfully submit is directly in line with this case, and which holds that Hogans obtained a good title against Day at the foreclosure sale. We ask that the case be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to and dismissing an original bill. As we understand the allegations of the bill, it appears therefrom in substance that in September, 1917, Mrs. M. M. Coleman conveyed certain land to H. C. Flint on which Flint then executed to her a deed of trust to secure the payment of two promissory notes executed by Flint to Mrs. Coleman, one for five hundred dollars due February 1, 1918, and one for eleven thousand seven hundred and fifty dollars due September 1, 1922, each bearing interest at the rate of six per cent. per annum from January 1, 1918. This deed of trust provides that:

"It is further agreed and understood by and between the parties hereto that the interest on the above notes shall be payable annually on the 1st day of September, and that should said grantor fail to pay said interest annually when due, or fail to pay any of said notes when same mature, or fail to promptly pay for said timber that may be cut as provided above, all of said indebtedness shall mature and become payable at the option of the said M. M. Coleman, her heirs or assigns or the holder of said notes."

The land described in these two instruments was afterwards conveyed by Flint to the appellant, reconveyed by the appellant to Flint by a deed in which the pine timber growing thereon was excepted, and then by Flint to Hogans by a deed containing the same exception as to the pine timber. All of these deeds subsequent to the Coleman deed of trust conveyed the land subject to the lien of that instrument, but in none of them did the grantees therein assume the payment of the debt secured by the deed of trust. The interest on the deed secured by the Coleman deed of trust was not paid when the same became due under the provisions thereof, and some time thereafter Mrs. Coleman, at the request of Hogans and without formal declaration or notice to the parties in interest of her intention so to do, had the trustee in the deed of trust to sell the land in accordance with its provisions, at which sale Hogans purchased the land for fourteen thousand dollars and thereafter executed to Mrs. Coleman a deed of trust on it to secure an indebtedness to her of ten thousand dollars. The appellant appeared at the trustee's sale and made several bids on the land, each being less than that at which it was sold to Hogans. The description of the land is not identical in all these deeds, but it may be that this is the result of a mere clerical error in the making of the record, and no point thereon is made by either party. The prayer of the bill is that Hogans's claim to the pine timber by virtue of his purchase of the land at the trustee's sale and of Mrs. Coleman to a lien thereon by virtue of the deed of trust executed to her by Hogans be canceled. The bill

seems to contain an offer on the part of the appellant to pay the appellees such portion of the debt secured by the deed of trust from Flint to Mrs. Coleman as should have been paid by him in order to release the pine timber from the lien thereof. The contentions of the appellant are, in effect: First, that the sale under the Coleman deed of trust is void for the reason that Mrs. Coleman did not formally declare the debt thereby secured to be due before the proceedings were begun by the trustee for the sale of the land; second, the purchase of the land by Hogans inured to both his and the appellant's benefit; and, third, that the foreclosure of the deed of trust was the result of collusion between Mrs. Coleman and Hogans.

The deed of trust does not require any formal declaration or notice by Mrs. Coleman of her intention to exercise the option therein given of collecting the whole debt on the failure of the debtor to pay the interest thereon when due; consequently she was under no duty to make such declaration or to give such notice before foreclosing the deed of trust. 8 C. J. 417.

The relation between the appellant and Hogans with reference to the land and the pine timber thereon was not that of tenants in common. *Butterfield Lumber Co.* v. *Guy,* 92 Miss. 361, 46 So. 78, 15 L. R. A. (N. S.) 1123, 131 Am. St. Rep. 540; *Forest Product & Mfg. Co.* v. *Buckley,* 107 Miss. 897, 66 So. 279. Each owned his property in severalty and occupied the same relation to each other as they would have had each purchased different portions of the land covered by the Coleman deed of trust, and, while each had certain rights as against the other with reference to the discharge of the deed of trust in so far as it affected his property (27 Cyc. 1365), neither was under the obligation to protect the property of the other nor prohibited from purchasing at the sale under the deed of trust. Hogans was under no duty to the appellant to pay the Coleman deed of trust. The mere fact that he requested Mrs. Coleman to foreclose it violated no right of the appel-

.lant who not only had full knowledge thereof, but was present in person when the trustee made the sale.

The bill contains an alternative prayer to the effect that, if the appellant is "not entitled to the timber, the defendant will be required to pay him the sum the land brought at trustee's sale above the debt." The appellee is, of course, not entitled to recover from Hogans the entire excess of his bid for the land above the debt secured by the deed of trust. It may be, as to which we, express no opinion, that he would be entitled to recover the proportion of such excess which should have been paid to him because of his ownership of the timber, but the bill contains no allegations presenting that question for decision, and no such claim is made in the brief of the appellant's counsel.

*Affirmed.*