**BURT et al. v. STEIGLEDER et al.**

No. 17977. Opinion Filed May 29, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

1. **Tenancy in Common—Oil and Gas—Mutual Trust Relations of Cotenants—Acquisition of Adverse Interest by One Inuring to Benefit of All.**

Cotenant owners of an estate in land or

the oil and gas rights therein stand in a relation to each other of mutual trust and confidence, and neither will be permitted to act in hostility to the other in reference to the common estate; and a distinct title acquired by one will ordinarily inure to the benefit of all.

**2. Appeal and Error—Review—Sufficiency of Evidence in Equity Case.**

In an action of purely equitable cognizance, this court will not disturb the decree of the trial court unless from an examination of all the evidence in the case, it appears that such decree is clearly against the weight thereof.

**3. Same—Judgment Decreeing Defendants Trustees for Plaintiffs in Certain Oil and Gas Rights Sustained.**

Record examined: held, that the judgment of the trial court is not against the clear weight of the evidence, nor contrary to the law as applied to the facts disclosed.

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; Fred A. Speakman, Judge.

Action by Louis R. Steigleder and R. L. A. Steigleder against Grace S. Burt and Robert B. Keenan, to decree the defendants trustees for plaintiffs in certain oil and gas rights. Judgment for plaintiffs, and defendants appeal. Affirmed.

Robert B. Keenan and L. J. Burt, for plaintiffs in error.

Van H. Albertson and T. L. Blakemore, for defendants in error.

LEACH, C. Dave Marshall, owner of 40 acres of land in Okmulgee county, executed a mortgage on the land in the year 1917, to secure the sum of $400; thereafter he sold and conveyed an undivided one-half interest in and to the oil and gas rights in the land to Louis R. Steigleder, who conveyed a portion of the interest so acquired to R. L. A. Steigleder. Thereafter, Marshall sold and conveyed by warranty deed his remaining interest and title in said land to one Thomas Bruner, who thereafter sold and conveyed his title thereto to Grace S. Burt and Robert B. Keenan. On April 20, 1923, W. H. Crume, the then holder and owner of the said mortgage, obtained a judgment of foreclosure thereon and an order of sale. In the suit to foreclose the mortgage on the land, the parties to this action were all parties defendant, and in the foreclosure suit the Steigleders set up a cross-action, alleging therein that the defendants Burt and Keenan agreed as part of the purchase price of said land to pay the mortgage, and sought to have the indebtedness first satisfied from the interest of Keenan and Burt, but the court evidently found adversely to such contention since no order or judgment was entered in accordance with such cross-petition. The interest of the parties there involved was acquired subsequent and subject to the mortgage, but it does not appear they contracted or agreed to assume or pay such mortgage. On the 25th day of January, 1924, under order of sale issued in the mortgage foreclosure action, the lands were sold and bid in in the name of the plaintiff, Crume, for the amount of the mortgage indebtedness, which sale, upon motion of plaintiff, was confirmed on the 4th day of February, and deed to the land was duly executed to the said W. H. Crume, who shortly thereafter conveyed by quitclaim deed the land in question to Grace S. Burt and Robert B. Keenan. The Steigleders, who are defendants in error here, began this action against Burt and Keenan as defendants, and in their amended petition, upon which this cause was tried, after setting out the conveyance, title and rights of the parties in the land question, and after referring to the foreclosure and sale of the lands, alleged that the defendants Burt and Keenan procured the plaintiff, Crume, in the foreclosure action to bid off and purchase the land in question for them for the amount of the judgment and cost in the sum of $605.50, with the understanding and agreement at and prior to the sale that the said Crume should take the title to the lands and convey same to Burt and Keenan, which was accordingly done. Further alleged that at the time of said sale and purchase of the premises by the defendants Burt and Keenan, at said sale and at all times since the defendants first acquired their title from Bruner, plaintiffs and defendants were and have been cotenants in said land, by reason of which there existed a fiduciary relation, and tendered into court for the use and benefit of the defendants their proportionate part of the indebtedness secured by the mortgage and paid by the defendants, and prayed that the defendants Burt and Keenan be decreed to have purchased and now hold title to the lands as trustees for plaintiffs and as cotenants, the same as prior to the sale. Defendants answered by general denial, admitted the sale and conveyances referred to in plaintiffs' petition, and alleged, that the plaintiffs had refused to pay any portion of the mortgage indebtedness, and were now estopped from claiming any interest in the land .

Upon a trial of the cause to the court

judgment was entered decreeing plaintiffs to own one-half of the oil and gas rights in the land subject to a lien in favor of the defendants therein for the sum of $150, such amount being agreed upon by the parties to the action as plaintiffs' proper share of the mortgage indebtedness, costs and attorney fees.

Defendants filed their motion for a new trial alleging therein "that the judgment was not sustained by sufficient evidence and was contrary to law", which motion was overruled, and defendants bring this appeal and set up four grounds of error, the fourth being: "Said court erred in overruling motion of plaintiffs in error for new trial."

It is the contention of plaintiffs in error that because of the refusal of defendants in error to pay their part of the mortgage indebtedness, plaintiffs in error were compelled to bid in the property at the foreclosure sale; that all parties were given notice as required by law; that there was no inequitable conduct which entitled plaintiffs below to any relief or consideration in a court of equity.

The principal evidence in the case consisted of a stipulation to the effect that the defendants Keenan and Burt were the purchasers at the foreclosure sale; that W. H. Crume merely acted as purchaser at the sale to protect their interest, no consideration being paid by Keenan and Burt for the deed to the land from Crume, they merely paying off the amount due, principal, interest, attorney fees and cost. Defendant Keenan testified in part, in substance, that he was present at the trial of the mortgage foreclosure suit on the land involved; that immediately following, and after the court had rendered judgment of foreclosure, he had a conversation with one of the Steigleders, and suggested they get together and figure out how much was owed and pay it off, to which proposal Steigleder answered "No"; they were not going to pay any. Thereupon, he stated to Steigleder that the property would be sold and "You better get down and protect your interest," to which Steigleder replied, "I will." He later saw Van Albertson, attorney for the Steigleders. on the streets of Sapulpa, and told him the land had been advertised for sale, and the date of sale.

Leroy Burt testified he had a conversation with one of the Steigleders prior to the mortgage foreclosure trial, and tried to get them to pay their share of the mortgage, or sell their interest, which they declined to

do; Did not remember of having any conversation after the judgment; however, upon being recalled, he stated that on the day of the foreclosure trial, following the judgment, he saw one of the Steigleders at Beggs, and tried to get them to pay some on the mortgage, and he offered to pay Steigleder $400 for their interest. Louis Steigleder, a defendant, testified that he was present at the mortgage foreclosure trial, but did not recall having any conversation with Mr. Keenan; said he had a conversation with Mr. Burt before and on the day of trial, at which time Burt made him an offer for their interest in the land. Said he had no notice or knowledge of the sale of the land. Van Albertson, attorney for the Steigleders, in the mortgage foreclosure action, testified that he did not have any information that the property was being sold under the foreclosure action until after the sale; that shortly after he learned of the sale he told Messrs. Keenan and Burt that the Steigleders were willing to contribute their pro rata part of the mortgage indebtedness, costs, etc., but that they refused the proposal. He denied having had any conversation with Keenan in which he was advised of the advertisement or date of sale. He said James, attorney for the mortgage holder, promised he would notify him when the sale was to be had, but he failed to do so.

The defendants in error contend a fiduciary relation existed between the parties, they being tenants in common; that one could not acquire an interest in the common property under the sale adverse to the other, and cite in support thereof the case of Arthur v. Coyne, 32 Okla. 527, 122 Pac. 688, together with a number of cases collected in 6 A. L. R. 297, under what is termed the "majority rule" by the annotator. In the syllabus of the case of Arthur v. Coyne, supra, it is said:

"Cotenant owners of an estate in lands stand in a relation to each other of mutual trust and confidence, and neither will be permitted to act in hostility to the other in reference to the joint estate; and a distinct title acquired by one will ordinarily inure to the benefit of all."

Under the holding in the case of Prairie Oil & Gas Co. v. Allen (Okla.) 2 Fed. (2d) 566, 40 A. L. R. 1389, the parties to this action were tenants in common in the oil and gas right, and no different rule in such case appears to apply than in one where each own interests in the land as a whole.

We have examined a number of author-

ities and decisions bearing upon the contentions of each of the parties to this appeal, and are constrained to say that there appears to be no well-defined fixed majority or minority rule in those cases which arise between cotenants upon a sale and purchase of real testate under mortgage foreclosure or deed of trust; that each case is largely decided upon the facts and equities of the particular case. We find well-considered and reasoned opinions from the state and federal courts which show the exception or distinction from the ordinary or general rule, that a cotenant may not acquire an outstanding adverse title as against his cotenant, when applied and arising in cases of foreclosure of mortgage liens against the common property.

It is said in the body of the opinion in the case of Starkweather v. Jenner, 216 U. S. 528, 54 L. Ed. 602, 30 Sup. Ct. R. 382, 17 Ann. Cas. 1167:

"But it is plain that the principle which turns a cotenant into a trustee who buys for himself a hostile outstanding title, can have no proper application to a public sale of the common property, either under legal process or a power in a trust deed. In such a situation, the sale not being in any wise the result of collusion nor subject to the control of such a bidder, he is as free, all deceit and fraud out of the way, as any one of the general public."

The following cases are in accord with the rule as announced in that case: Streeter v. Schultz, 45 Hun. 406; Hanley v. Federal Mining & Smelting Co., 235 Fed. 769; Day v. Hogans (Miss.) 93 South. 578 Jackson v Baird, 148 N. C. 29, 19 L. R A. 591, 61 S. E 632; Troxler v. Gant, 173 N. C 422 92 S. E. 152; Kennedy v. DeTrafford (1897) A. C. (Eng.) 180, 66 L. J. Ch. (N. S.) 413, 76 L. T. (N. S.) 427, 45 Week. Rep. 671; Cotenancy, 7 R. C. L sec. 59, p. 866. In the Streeter v. Schultz Case. supra, the court in the body of the case, in discussing the right of the cotenant to purchase at foreclosure sale, said:

"The foreclosure was open, and both plaintiff and Schultz were parties. It would be a great injustice to Schultz to hold that he could not buy for his own account. If he could not, then he would be compelled either to allow the property to be sacrificed, if there were no bidders, or with his own funds to buy for the benefit of the plaintiff as well as of himself. The plaintiff then would only need to keep still, and thus to throw the whole risk of the purchase on Schultz. Thus an irresponsible person might prevent his responsible cotenant from protecting himself."

However, where the facts warrant and justify, there are numerous and ample authorities holding that a purchase of an outstanding adverse title by a cotenant will be held in equity to have been made for and on behalf of the other cotenants as well as himself. See cases collected, 6 Am. Law Rep. Annotated, 297; 7 R. C. L. sec. 51 p. 857; Arthur v. Coyne, supra. In the instant case, were there no seeming equity or facts upon which the judgment might be sustained, or upon which the trial court might have based its decision on behalf of plaintiff, other than upon the fact that the parties were cotenants in the oil and gas rights in the land involved, we would not be inclined to sustain the judgment of the trial court upon that ground alone. As to whether defendants in error refused to pay any part of the mortgage indebtedness after judgment and before sale is not clearly shown, as there is some conflict of testimony upon that point, At any rate, none of the parties paid the mortgage indebtedness until after the foreclosure sale. At the trial of the mortgage foreclosure suit none of the parties asked or requested the trial court there to determine the sum and amount their respective separate interests in the land were liable for under the mortgage. It appears undenied that the attorney for the mortgagee, plaintiff in the mortgage foreclosure action, agreed to notify the attorney for the Steigleders of the date of the foreclosure sale, and that he failed to do so; that such agreement was made in the presence of the defendant Keenan. The law does not require such personal notice, and such failure to notify would not, standing alone, be sufficient to declare the defendants trustees, but it is a circumstance when considered in connection with the fact that plaintiff in the foreclosure action agreed with the defendants Keenan and Burt to bid in the property at the sale on their behalf, which failure to notify may have resulted in an injustice to the Steigleders by preventing them or their attorney from attending and participating in the sale, from which it reasonably appears they otherwise would have done. The attorney for the Steigleders expressly denied he had any notice or knowledge of the date of the sale.

In the trial of this cause the following verbal stipulation and agreement was stated between the parties:

"It is stipulated and agreed between the parties that the defendants R. B. Keenan and Grace S. Burt and the purchasers at the foreclosure sale mentioned in the pleadings in this case, and that the said W. H.

Crume merely acted as purchaser at said foreclosure sale to protect the interest of Grace S. Burt and R. B. Keenan. No consideration was paid by the said R. B. Keenan and Grace S. Burt for the deed from W. H. Crume, they merely paying off the amount due, principal, interest, attorneys fees and costs."

From such stipulation, the transaction has somewhat the appearance of a redemption or payment of the mortgage indebtedness by the cotenant rather than a sale and purchase. We find no fraud alleged or any evidence thereof on the part of the plaintiffs in error, but taking the record in the case as a whole, it does not appear that the facts established take the case out of the ordinary or general rule as to cotenants as stated in the authorities herein referred to.

"In an action of purely equitable cognizance, this court will not disturb the decree of the trial court unless from an examination of all the evidence in the case, it appears that such decree is clearly against the weight thereof." Harrison v. Crum, 110 Okla. 87, 236 Pac. 388.

From an examination and consideration of the entire record and evidence in this cause, we are unable to say that the decree is clearly against the weight of evidence or contrary to the law as applied to the facts disclosed.

For the reasons stated, the judgment of the trial court is affirmed .

BENNETT, TEEHEE, FOSTER, and DIFFENDAFFER, Commissioners, concur.

JEFFREY, C., dissenting.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. pp. 16, 40; anno. 40 A. L. R. 1400; 18 R. C. L. p. 1197; 6 R. C. L. Supp. p. 1098. (2) 4 C. J. p. 900, §2869; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76.