HUNTER et al. v. PEPIS.

No. 31777. June 5, 1945.

Rehearing Denied Sept. 18, 1945.

*163 P. 2d 542.*

Harry Seaton, of Tulsa, for plaintiffs in error.

Samuel A. Boorstin, of Tulsa, for defendant in error.

RILEY, J. A. Pepis, relying upon a resale tax deed dated May 4, 1938, obtained a judgment quieting title to lands in Tulsa county. The judgment in default as against Mabel Hunter and Adella Brown was vacated and answers and cross-petitions were filed by these defendants and interveners.

Among other defenses, it was alleged that the lands involved were assessed and sold as farm lands, but that prior to November 12, 1929, Walter J. Atkins owned the farm; that by trust agreement with Mohawk-Harvard Trust, the lands were subdivided into lots and sold to defendants and others for the benefit of the trust; that defendants contracted to purchase certain of the lots, entered into possession and made lasting and valuable improvements upon the land, and have at all times possessed a part of the land as homesteads, all within plaintiff's knowledge; that the plat of subdivision and dedication of streets to the public was never recorded; that plaintiff was not the real party in interest but that the said A. Pepis purchased the land at resale for Walter J. Atkins with funds furnished by the said Atkins, the owner of the lands. It was alleged that defendants continued to pay installments due on the purchase price of their lots to Mohawk-Harvard Trust, and that the acts and conduct complained of constituted a scheme and artifice to defraud defendants and others similarly situated.

Albert Matthews, intervener, did not file a cross-petition. On plaintiff's motion, paragraphs 3 to 8, inclusive, of the answers filed were stricken by order of the trial court. The trial court sustained plaintiff's demurrer to the cross-petitions and judgment was rendered on the pleadings.

The answers submitted a question of fact which, if true, constituted a defense against the tax title under which plaintiff claimed:

"One who is under a moral or legal obligation to pay the taxes is not in a position to become a purchaser for taxes; and, if such person permits the property to be sold and buys it in, either in person or indirectly, through the agency of another, or lends his name to another in buying it in, he does not thereby acquire any right or title to the property, but his purchase will be deemed a mode of paying the taxes." Grison Oil Corp. v. Lewis, 175 Okla. 597, 54 P. 2d 386; Brooks v. Garner, 20 Okla. 236, 94 P. 694; Parks v. Mandler, 179 Okla. 467, 66 P. 2d 43.

It is unnecessary to consider other defenses alleged.

The defendants plead willingness to pay and "hereby now offers to pay and hereby tenders payment of his just portion of the taxes assessed and levied against said portion of land owned by him at any time such prorata portion thereof may be judicially or otherwise lawfully determined."

We think the tender as made was sufficient under Title 68 O.S. 1941 § 453 (as a part of a defense resisting recovery of possession of lands by the holder of a tax deed) and under Title 68 O.S. 1941 § 360 (as being the maintenance of an action to invalidate a deed for taxes wherein "the true and just amount of taxes due upon such property . . . must be ascertained and paid before judgment prayed for . . .") and as measured by equity.

Defendant in error insists that the appeal should be dismissed because:

(1) "A joint assignment of error must affect all jointly and not severally as to all who join in it, or it will be good as to none." Haley v. Wyte, 169 Okla. 406, 38 P. 2d 910.

Where nothing is presented on appeal except by a joint assignment of error, the rule stated would apply and require dismissal, but in the case at bar each plaintiff in error has an interest alike in defeating the resale tax deed by which defendant in error claims title to the land to the exclusion of the several interests represented by plaintiffs in error.

(2) The certificate to the transcript merely states that it is "a full, true and correct record of the proceedings in said cause according to the record and files in my office" and does not affirmatively state that it is a complete copy of the record or of all the proceedings properly a part of the record. Render v. Dodson, 179 Okla. 352, 66 P. 2d 14; Hudson v. Gilbert, 182 Okla. 43, 75 P. 2d 1139.

The certificate is sufficient. It is not deficient as in the cases cited and relied upon where certain instruments forming a part of the proceedings were named and copies thereof were included in the transcript as exact copies of the originals, thus giving rise to the inference of the existence of other instruments properly forming a part of the proceedings, copies of which were omitted from the transcript.

(3) Motions and rulings thereon and exceptions thereto are not properly a part of the record presentable by transcript. Collier v. Collier, 190 Okla. 616, 126 P. 2d 243.

As evidenced by the syllabus in the cited case, it is contemplated that intermediate orders and rulings of the trial court may be incorporated in a case-made or presented by a bill of exceptions so as to form a part of the judgment, but it was never contemplated that an appeal would not lie by transcript from a judgment on the pleadings nor that the pleadings leading up to the judgment were not a complement of it and so presentable by transcript.

Heretofore defendant in error's motion to dismiss was denied by order. The order is sustained.

Reversed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.