## AKIN v. LOUDDER.

No. 33202. Oct. 26, 1948.

Rehearing Denied Dec. 14, 1948.

*200 P. 2d 763.*

Frank Petree and Sam H. May, both of Altus, for plaintiff in error.

Robinson & Oden, of Altus, for defendant in error.

ARNOLD, J. Action to quiet title by Troy Loudder against Annie Akin et al. Demurrer of defendant to plaintiff's evidence overruled, defendant elected to stand on her demurrer and judgment rendered in favor of plaintiff. Defendant appeals.

Prior to 1941, Ethel Loudder, Annie Akin, Lynn Akin, and Glenn Akin were tenants in common owning undivided interests in the following described lands in Jackson county, Oklahoma: The southeast quarter of section 24, township 2 north of range 21 west I. M.

Taxes on this quarter section had been permitted to become delinquent and the property was bid off at annual tax sale to the county for want of other bidders. In 1936, one S. C. Hickman took an assignment of the tax sale certificate on said lands from the county treasurer. In 1941, plaintiff, Troy Loudder, acting as agent for and in behalf of his wife, Ethel, sought to raise a fund by contribution from all of the tenants in common with which to redeem said land. Failing to raise sufficient funds for this purpose he went to the certificate holder, S. C. Hickman, and made a deal, the nature of which is not disclosed by the record, pursuant to which Hickman began proceedings to procure a tax deed from the county treasurer. It appears that at the time these proceedings were begun all of the tenants in common were out of state and personal service on them could not be obtained. After making personal service on the occupant of the lands, Hickman attempted to obtain service on all of the tenants in common by publication. Upon completion of the 60-day period for redemption after notice of application Hick-

man presented his tax sale certificate to the county treasurer and demanded a deed, which was issued by the treasurer October 2, 1941. On the same date Hickman, by quitclaim deed, conveyed said lands to the plaintiff, Troy Loudder. Plaintiff commenced this action by filing his petition in the district court of Jackson county May 22, 1946, his petition being in the usual form for quieting title. Annie Akin answered by general denial and setting up her claim as tenant in common to an undivided interest in the quarter section, asked that her interest be determined as to acreage, that her proportionate share of the taxes, interest, penalties, and costs be determined, and tendered the amount necessary to pay her proportion thereof. By cross-petition she alleged that plaintiff had collected rents and profits from the land, including bonus money for an irrigation ditch right of way, and that she was entitled to her proportionate share of the rents, profits, and bonus money; she also asked that her proportionate acreage in the quarter section be ascertained and set apart to her separately, alleging that all of said land was tillable and of uniform value. Plaintiff filed reply to defendant's answer and answered her cross-petition. Upon trial of the case in district court, plaintiff dismissed his action as to Lynn and Glenn Akin, they being minors and in the armed services of the United States.

Herein the parties will be referred to as plaintiff and defendant as they appeared in the trial court.

Defendant makes four assignments of error in her petition in error, but for the purpose of review by this court it is only necessary to consider whether or not the action of the trial court in overruling defendant's demurrer to plaintiff's evidence and in entering judgment for plaintiff was erroneous. Upon the trial of the case plaintiff introduced in evidence the certificate tax deed, the quitclaim deed from Hickman, the notice of application for tax deed, the affidavit for publication service, notice of application, affidavit of mailing, supplemental affidavit of mailing, and the

tax sale certificate showing by endorsement its surrender and cancellation.

Plaintiff took the witness stand in his own behalf and testified that he was acting for and in behalf of himself and his wife in seeking to redeem said land from tax sale; that he had an agreement with Hickman that the latter should procure a tax deed and convey the title to him; that he paid Hickman nothing for doing this; that Annie Akin lives in Breckenridge, Tex., and is about 80 years of age.

The certificate tax deed and quitclaim deed are in usual and proper form. The notice of application for tax deed is addressed to a large number of persons, but for the purpose of this review it is only necessary to mention Ethel Loudder, Annie Akin, Lynn Akin, and Glenn Akin.

Attached to this notice of application for tax deed is a purported proof of publication made in the Jackson County Tribune, but this purported proof of publication is not sworn to before any officer authorized to administer oaths. The person purporting to make the proof was the editor. In the affidavit of mailing notice of application, filed in the county clerk's office September 25, 1941, the name of Annie Akin does not appear. On the 5th day of September, 1942, a supplemental affidavit of mailing was made by the same person who made the original affidavit of mailing, in which affidavit he states that the omission of the name of Annie Akin in the original affidavit of mailing was an oversight and that he did actually mail notice to her at the time stated in the original affidavit. These exhibits and the oral testimony of Troy Loudder constituted the entire evidence in behalf of plaintiff to which defendant directed her demurrer.

We are of the opinion that when plaintiff, acting as the agent for and in behalf of his wife, made the deal with S. C. Hickman, which was carried out, his acts were those of his principal and amounted merely to a redemption from tax sale and payment of taxes for the payment of which his wife was obligated. Curry et al. v. Frerichs et al., 194 Okla. 230, 149 P. 2d 95; Brooks et al. v. Garner, 20 Okla. 236, 94 P. 694; Grison Oil Corp. et al. v. Lewis, 175 Okla. 597, 54 P. 2d 386; Burnett et al. v. Cole et al., 193 Okla. 25, 140 P. 2d 1012.

Other questions are presented in the briefs, but in view of our conclusion it is not necessary to consider them.

For the reasons herein stated, we are of the opinion that the order of the trial court overruling defendant's demurrer to plaintiff's evidence was reversible error and for this reason the judgment of the trial court is reversed and vacated, with directions to enter an order sustaining defendant's demurrer to the evidence of plaintiff and dismissing plaintiff's action.