## PATTERSON v. WILSON et al.

No. 33889.   Oct. 31, 1950.

*223 P. 2d 770.*

Don Anderson, of Oklahoma City, for plaintiff in error.

Thos. J. Horsley, Hicks Epton, and Dudley H. Culp, all of Wewoka, for defendants in error.

LUTTRELL, J. This case involves the right of a former owner of mineral interest to purchase at county commissioners' sale the interest of a former cotenant in the minerals, where such interests and the land in which they were located had been sold to the county at tax resale.

The plaintiffs, Maud Dean Wilson, V. V. Criswell and Bonita Criswell, husband and wife, W. C. Peery, and T. R. Wilson, successors in interest of the purchaser from the county commissioners, brought this action to quiet title to the lands and mineral interests involved against the defendant, L. E. Patterson, Jr., administrator of the estate of L. E. Patterson, deceased, and others. The case was tried on an agreed statement of facts, and the trial court rendered judgment in favor of plaintiffs. From this judgment L. E. Patterson, administrator, alone appeals.

From the stipulated facts it appears that on December 3, 1920, L. E. Patterson purchased from the owner of the fee-simple title an undivided one-half interest in the mineral rights under a certain tract of land in Seminole county, and that on November 13, 1926, Patterson conveyed to Irvin L. Wilson an undivided one-fourth interest in the mineral rights in said property; that thereafter Patterson and Wilson continued as cotenants or tenants in common of such mineral rights until April 21, 1939, when the property was sold to Seminole county at tax resale because of the failure of the surface owner to pay ad valorem taxes. Plaintiffs are the successors in interest of Irvin L. Wilson.

It is agreed that all proceedings in connection with the resale were valid, and that the resale tax deed conveyed title to the tract, both as to the surface and minerals, to the county commissioners of Seminole county; that on December 7, 1939, the county commissioners of Seminole county made, executed and delivered to Irvin L. Wilson a good, valid and sufficient commissioners' deed to the property, which deed was filed for record on August 9, 1940; that immediately after the delivery of said commissioners' deed Irvin L. Wilson went into possession of the property, and that he and his grantees have at all times thereafter been in the full, open, notorious, exclusive and hostile possession of said property, claiming the full fee-simple title thereto. It was further agreed that defendants at no time prior to the filing of their answer in the instant case ever offered to pay plaintiffs or their predecessors in title any sum whatever in connection with the said property, and that shortly prior to the filing of this suit oil development in the vicinity revived the mineral values in the land involved, which from a time prior to the resale had been of only nominal value.

For his first contention defendant urges that a cotenant cannot, by acquiring a tax title, divest the interest of one of his cotenants, citing in support of this contention Brooks v. Garner, 20 Okla. 236, 94 P. 694; Grison Oil Co. v. Lewis, 175 Okla. 597, 54 P. 2d 386; Hunter v. Pepis, 195 Okla. 660, 163 P. 2d 542, and other cases so holding, down to and including Akin v. Loudder, 201 Okla. 47, 200 P. 2d 763. Examination of the cases relied upon by defendant reveals that in each of those cases the purchasing cotenant was under some legal or moral obligation to pay the taxes, or had been guilty of collusion or other inequitable conduct in connection with the acquisition of the interest of the other cotenant or cotenants. Since there was in the instant case no duty or obligation, legal or moral, on the part of Irvin L. Wilson to pay the taxes, and since it is not contended that he was guilty of any wrongful or inequitable conduct in connection with his purchase from the county commissioners, we think the cases cited by defendant are distinguishable from the instant case, in

that each of them involved elements or questions not involved or presented in the instant case.

In the agreed statement of facts it is stipulated that Patterson and Irvin L. Wilson continued as cotenants until April 21, 1939, when the property was bid off and sold to Seminole county at tax resale. Defendant asserts that this is a stipulation of facts and cannot bind the court on questions of law. Whether it be a stipulation of fact or of law the statement is correct, since when the title passed to Seminole county by an admittedly valid resale tax deed, it divested both plaintiff and defendant of all right, title or interest in the property, save and except the right to redeem the land from the tax sale on or before December 1, 1939, the period of redemption fixed by the 1939 Law, 68 O.S. 1941 §432 m.

In Cantrell v. Marshall, 200 Okla. 573, 197 P. 2d 990, we said:

"Under the law the title to lands sold at resale passed to the purchaser and all right, title and interest therein of the previous owner was extinguished. The effect of the special Act was merely to afford to the prior owner an opportunity to redeem provided certain things, which are made a condition precedent to the redemption, be done."

Unquestionably when the title to the land and minerals passed to and vested in Seminole county, the cotenancy of plaintiff and defendant was terminated. The only right which either Wilson or Patterson then had was the right to redeem, not his interest in the minerals alone, since that was not separately taxed, but to redeem the entire property from the tax sale, and then endeavor to collect from his cotenants their proportionate share of the tax. It is not contended that Wilson, who was simply an owner of a mineral interest, was under any legal or moral obligation to so redeem.

In Burt v. Steigleder, 132 Okla. 217, 270 P. 54, we said that cases arising between cotenants upon a sale and purchase of real estate under mortgage foreclosure were largely decided upon the facts and equities of the particular case, and that such cases presented an exception to the ordinary or general rule that a cotenant may not acquire an outstanding surface title as against his cotenant. In that case, quoting with approval from Starkweather v. Jenner, 216 U.S. 524, 30 S. Ct. 382, 54 L. Ed. 602, 17 Ann. Cases 1167, we said:

" 'But it is plain that the principle which turns a cotenant into a trustee who buys for himself a hostile outstanding title, can have no proper application to a public sale of the common property, either under legal process or a power in a trust deed. In such a situation, the sale not being in any wise the result of collusion nor subject to the control of such a bidder, he is as free, all deceit and fraud out of the way, as any one of the general public.' "

In that case we sustained the judgment of the trial court holding the acquisition of one tenant's interest by the other cotenants wrongful, for the reason that the purchasing cotenants failed to notify the attorney for the other cotenant of the time of the foreclosure sale, which they had promised to do, and the further reason that the purchaser at the foreclosure sale bid the property in for the purchasing cotenants, so that while the sale was ostensibly to a third party it was really a sale to the cotenants themselves. No such situation existed in the instant case.

In Ammann v. Foster, 179 Okla. 44, 64 P. 2d 653, we followed and approved the holding in the case of Burt v. Steigleder, supra, to the effect that the cotenant might in some instances become the purchaser of the property at a judicial sale, saying:

"The rule that one tenant in common will not be permitted to acquire title to the common property solely for his own benefit, or to the exclusion of his cotenant, does not apply to a sale of real property sold at a bona fide sheriff's sale under a judgment foreclosing

a mortgage on said property, where the consideration paid was adequate and fair and where it does not appear that the purchaser was guilty of fraud, deceit, or collusion, and where such tenant seeking to participate has been guilty of laches."

Although these cases involved the sales of lands under mortgage foreclosure, we consider the same rule applicable to tax sales for the reason that in such sales, as in judicial sales, regardless of who the purchaser of the property may be, the title of the former owner is wholly divested. In such case, where no fraud, collusion, or inequitable conduct is involved, and where there is no moral or legal obligation upon a cotenant to pay the taxes, we see no reason why such cotenant may not, if the land has been sold to the county or a third party and the title of the former owner and the cotenant has been thereby terminated, acquire the property from the purchaser at the tax sale. No good reason can be suggested for holding that in such case a cotenant, by virtue of his former cotenancy, is forever precluded from obtaining title to the property free from the claim of other cotenants.

In Phillips v. Gibbs, 198 Okla. 270, 177 P. 2d 1017, we followed the same line of reasoning, and held that a tenant in possession was not estopped from purchasing the property without surrendering possession to his landlord where the property had been sold to the county at a valid tax resale, and was thereafter obtained by the tenant by commissioners' deed.

Defendant calls attention to the fact that Wilson made his bid for the commissioners' deed prior to the expiration of the redemption period. We are unable to see that this prejudiced Patterson in any way, since it placed no restriction upon his right to redeem had he so desired. The 1939 Law, 68 O.S. 1941 §432 j, provides that the county treasurer, upon receipt of a bid, may advertise the property and sell the same, which sale is subject to the approval of the board of county commissioners in its discretion. From this it appears that the sale by the treasurer was merely tentative, and that the board of county commissioners in its discretion could approve or reject the sale. In this case the board took no action until December 7, 1939, at which time the right to redeem had expired. We are unable to perceive where the county was prejudiced by the sale of the property to Wilson because of the fact that by reason of his interest in the property he was vested with a right to redeem. When the right of redemption had expired we see no reason why he should not be entitled to bid for and purchase the property as could any other citizen, where it appears that he was the highest bidder, if not the only bidder, for the tract involved. If, as suggested by defendant, approval of such a purchase by a former mineral owner will encourage mineral owners to refuse to redeem from tax sales, and to pursue that method of acquiring their own and their cotenant's interests at tax sales, it is within the province of the Legislature to pass laws specifically prohibiting such practice.

Affirmed.

ARNOLD, V. C. J., and WELCH, CORN, HALLEY, JOHNSON, and O'-NEAL, JJ., concur. GIBSON, J., concurs in conclusion.