**WILCOX OIL CO., Plaintiff in Error,**

v.

**C. A. SCHOTT et al., Defendants in Error.**

**No. 37682.**

Supreme Court of Oklahoma.

June 24, 1958.

Robinson, Shipp, Robertson & Barnes, Oklahoma City, Glenn Davis, Frank E. Turner, Tulsa, for plaintiff in error.

Luttrell & Luttrell, Norman, R. A. Hefner, Jr., Kerr, Conn & Davis, Oklahoma City, for defendants in error.

JACKSON, Justice.

On December 19, 1928, plaintiff, Wilcox Oil Company, acquired title to one-half of the oil, gas and other minerals underlying the property here involved by conveyance from the fee owner. Subsquently, and prior to September 21, 1929, the remaining one-half of the minerals were conveyed to the defendant mineral interest owners or their grantors.

In 1939, plaintiff's agent, Chapman, purchased the property at tax resale in his own name, but for and on behalf of plaintiff. The resale tax deed was placed of record in May of 1939. In July of 1939, Chapman conveyed the fee to plaintiff, but this deed was not recorded until August of 1955. Plaintiff and its lessees have been in possession since 1939.

Plaintiff brought this action to quiet its title against the former owners of the surface and former mineral interest owners. The trial court quieted plaintiff's title against the former owners of the surface, but rendered judgment quieting title to one-half of the minerals in favor of twenty former mineral interest owners. Plaintiff appeals from the latter part of said judgment.

Defendants do not question the validity of the proceedings by which plaintiff acquired the resale tax deed. The judgment of the trial court was based upon a finding that the title acquired by plaintiff inured to the benefit of the other cotenants, and this is the argument advanced by defendants in their brief.

The decisive question involved herein is whether the title, acquired by plaintiff at the resale, did so inure to the benefit of the former mineral owners to the extent of their former interests in the minerals, by reason of the alleged relationship of mutual trust and confidence existing between cotenants.

In Ammann v. Foster, 179 Okl. 44, 64 P.2d 653, 656, this court said:

"As heretofore stated by this court, the rule that an outstanding title acquired by a tenant in common is pre-

sumed to be for the common benefit is not an absolute rule, and may be qualified by circumstances surrounding the particular case. * * *."

In the cited case we quoted with approval language contained in Hodgson v. Federal Oil & Development Company, 274 U.S. 15, 47 S.Ct. 502, 503, 71 L.Ed. 901, 54 A.L.R. 869, as follows:

"The rule as commonly stated forbids a cotenant from acquiring and asserting an adverse title against his companions because of the mutual trust and confidence supposed to exist; but the rule does not go beyond the reason which supports it. If the interest of the cotenants accrue at different times, under different instruments, and neither has superior means of information respecting the state of the title, then either, unless he employs his cotenancy to secure an advantage, may acquire and assert a superior outstanding title, especially where there is no joint possession. * * *."

In our opinion it would be fanciful to assume in all cases a relation of mutual trust and confidence between the various owners of non-producing mineral interests who acquired their interest at different times, under different instruments. In many cases such individuals do not know each other. It would result in an absolute fiction to hold that such a trust relation does or should exist in all cases. In Burt v. Steigleder, 132 Okl. 217, 270 P. 54, there is language to the effect that cotenants of mineral interests stand in a relation of mutual trust and confidence to each other, but, in that case, the court observed that in any event such relation, as it is, would not be sufficient alone to prevent one such cotenant from purchasing the property at a *public sale* for his exclusive benefit.

In Edwards v. Gann, 208 Okl. 267, 255 P.2d 499, it is held in the first paragraph of the syllabus as follows:

"Except as may be otherwise provided by statute anyone may acquire a tax title to realty where no fraud, collusion or inequitable conduct is involved and where there is no obligation upon such purchaser to pay the taxes."

If, as in Akin v. Loudder, 201 Okl. 47, 200 P.2d 763, one cotenant who is under a moral or legal *duty* to pay the taxes, becomes a purchaser for the taxes, his purchase, is deemed to be a payment of the taxes so that he never acquires the title of his cotenants. But, in the instant case, the plaintiff, who owned only mineral interests, was not so obligated. This was the obligation of the surface owner; therefore, plaintiff did acquire title.

Patterson v. Wilson, 203 Okl. 527, 223 P.2d 770, involved a fact situation very similar to that in the instant case. The only material difference being that in the cited case there were no bidders at the resale, and the property was sold to the county. Subsequently, one cotenant of the minerals purchased at the county commissioner's sale. In the syllabus we held as follows:

"A former co-tenant of mineral interests under a tract or parcel of real property, who is under no obligation or duty to pay the taxes, may acquire sole title to such tract from county commissioners whose title was obtained at tax resale, if no fraud, collusion, or other inequitable conduct is established. In such case the rule prohibiting a co-tenant from acquiring title to the common property to the exclusion of his co-tenants does not apply."

In the body of the opinion we said:

"For his first contention defendant urges that a co-tenant cannot, by acquiring a tax title, divest the interest of one of his co-tenants, * * *. *Examination of the cases relied upon by defendant reveals that in each of those cases the purchasing co-tenant was under some legal or moral obligation to pay the taxes, or had been guilty of collusion or other inequitable conduct in connection with the acquisition of the interest of the other co-tenant*

*or co-tenants.* Since there was in the instant case no duty or obligation, legal or moral, on the part of Irvin L. Wilson to pay the taxes, and since it is not contended that he was guilty of any wrongful or inequitable conduct in connection with his purchase from the county commissioners, we think the cases cited by the defendant are distinguishable from the instant case, in that each of them involved elements or questions not involved or presented in the instant case. * * *.

"In Ammann v. Foster, 179 Okl. 44, 64 P.2d 653, we followed and approved the holding in the case of Burt v. Steigleder, supra, to the effect that the co-tenant might in some instances become the purchaser of the property at a judicial sale, * * *.

"Although these cases involved the sales of lands under mortgage foreclosure, we consider the same rule applicable to *tax sales* for the reason that in such sales, as in judicial sales, regardless of who the purchaser of the property may be, the title of the former owner is wholly divested. * * *." (Emphasis supplied.)

In the above case the court apparently attached some significance to the fact that the property was sold at resale to the county commissioners prior to the purchase by the cotenant, but this offers no substantial basis for distinction.

Defendants rely solely upon the alleged relation of mutual trust and confidence existing between cotenants of mineral interests. If such relation exists one cotenant would be in no better position to acquire an exclusive outstanding title from a third person who purchased at a tax sale (as in the Patterson case) than where he purchases at the tax sale himself. In the cases where such relation and corresponding duties *do* exist it is generally held that one cotenant cannot acquire an exclusive outstanding title from one who purchased at a tax sale. The theory of these cases is that one cannot do indirectly that which he could not do directly. In 14 Am.Jur.,

Cotenancy, § 54, p. 124, appears the following statement:

"* * * And this rule prevails whether the tax deed was procured to be executed directly to the tenant or to a third person through whom he claims as grantee, for it is generally agreed that when the common property has been sold for taxes to a stranger, even though the time for redemption has expired, a tenant in common cannot by the purchase of such title assert it against his cotenants. * * *."

See also Annotation in 54 A.L.R. 900–902. We do not think that the Patterson case is distinguishable by reason of the fact that the property was sold to the county at resale before it was purchased by the cotenant.

The Annotation in 54 A.L.R. beginning at p. 896, discloses the great diversity of opinion on the general subject under consideration. Many courts apply the rule of "inurement" only where the purchasing cotenant is in possession. Others refuse to apply the rule where the various cotenants acquired their interest at different times. Others apply the rule in all cases. As to the rights of cotenants of mineral interests, the rule adopted in Patterson v. Wilson, supra, appears to be in keeping with the rationale of the basic principle, but prevents an extension of the general rule beyond the reason which supports it.

In the Patterson case the court emphasized the fact that the purchasing cotenant was not guilty of fraud or inequitable conduct. In the case at bar the defendants complain of the fact that plaintiff withheld its deed from record for more than fifteen years. Did this constitute fraud or inequitable conduct? We think not. Even if plaintiff had placed its deed of record immediately, or if it had given actual notice to defendants of its purchase, there is nothing the defendants could have done to limit plaintiff's title.

Of course, if as defendants contend, they had a right to contribute their prorata shares of the purchase price, and thereby reacquire their former interest, it might

well be that the plaintiff's concealment of its title would constitute fraud. But such right of contribution did not exist in the instant case. The right of contribution exists only where the relation of the parties is such that the outstanding title purchased inures, as a matter of law, to the benefit of the other cotenants. For the reasons hereinabove stated, the plaintiff was in a position and did acquire the fee title free and clear of any claims or rights on the part of its former cotenants.

The judgment is reversed insofar as it quiets title in the defendant mineral interest owners, and remanded with directions to enter judgment quieting title in plaintiff against the claims of each such defendant.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS and BLACKBIRD, JJ., concur.

CORN, V. C. J., dissents.